UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

THE ESTATE OF BIANCA DEVINS

        Plaintiff,

v.

ONEIDA COUNTY, ONEIDA COUNTY
DISTRICT ATTORNEY'S OFFICE, SCOTT
D. MCNAMARA, JOHN DOES 1-20

        Defendant.

**DECLARATION OF CARRIE GOLDBERG, ESQ. IN SUPPORT OF PLAINTIFF'S ORDER TO SHOW CAUSE FOR FRCP 65(a) PRELIMINARY INJUNCTION AND FRCP 65(b) TEMPORARY RESTRAINING ORDER**

--CV--   (     )

Case No.: 6:21-CV-0802 (GTS/ATB)

-------------------------------------------------------x

STATE OF NEW YORK      ) ss.:
COUNTY OF                    )

Carrie Goldberg, makes the following affirmation under the penalties of perjury:

1. I am an attorney licensed to practice law in the State of New York, admitted to the Northern District of New York and am over the age of eighteen. I represent the Estate of Bianca Devins, ("Plaintiff") in the instant proceedings.

2. Plaintiff requires immediate interim relief to stop the Oneida County, et al., from disseminating nude, sex, and murder images of Bianca Devins who died at age 17.

3. I seek a preliminary injunction and temporary restraining order ("TRO") pursuant to Rule 65(a) and(b) respectively of the Federal Rules of Civil Procedure and 18 U.S.C. 2252A(f)(2)(A) and 18 U.S.C. 2255(a).

4. I seek a TRO against Defendants Oneida County, Oneida County District Attorney, Scott McNamara, John Does 1-20 ("Defendants") restraining them until a hearing can be had from (1) disseminating video content, including screenshots, depicting Bianca Devins being murdered, having sex, or in a state of undress; (2) disseminating content obtained from Bianca's cellular phone or social media or email accounts; and shall take immediate action to

1

contact all individuals and entities to who they caused content described in (1) and (2) to be disseminated to ensure that content was not further disseminated by those recipients and will not be.

5. I seek a Preliminary Injunction pursuant to Rule 65(a) that:

   a. Enjoins Defendants from disseminating video content, including screenshots, depicting Bianca Devins being murdered, having sex, nude, or in a state of undress;

   b. Enjoins Defendants from disseminating the contents from Bianca's cellular phone seized from the crime scene of her murder and contents obtained from warrants and subpoena into her social media accounts;

   c. Requires Defendants to submit to Plaintiff and the Court an accounting of all entities with whom they have shared content described above in (1) and (2) and a comprehensive description of content that was shared;

   d. Requires Defendants to provide proof to Plaintiff and the Court of all efforts to secure content described above in (1) and (2) that's already been distributed; and to stop recipients from further disseminating content depicting Bianca Devins and further requiring Defendants to ensure that any recipients of content depicting Bianca Devins disseminated is secured and contained until a final disposition on the merits of the above-entitled action.

6. I am proceeding by order to show cause rather than by notice of motion because if immediate injunctive relief is not granted, child pornography depicting the late Bianca Devins will continue to be disseminated. Defendants have already shared child pornography depicting Bianca Devins with at least two media outlets and greeted my requests that they discontinue disseminating the content by sharing it with members of the public in their response to FOIL requests. (July 14, 2021 Declaration of Kimberly Devins, Exhibit A ("Decl. Devins") ¶¶ 27, 31). The District Attorney's Office has informed my client they believe it is legal to share

2

nude videos of Bianca Devins because she is seventeen years old in the videos and expressed their belief that New York State child pornography laws "trump" federal child pornography laws. (Decl. Devins, ¶ 28) Their belief is mistaken. An immediate restraint upon Defendants is urgent to prevent the viral spread of the content if it reached the internet which will cause harm and suffering to Bianca's family, harm Bianca's legacy even more, and endanger the public who will be exposed to child pornography and be put at risk of violating federal child pornography laws for possessing it.

7. Bianca Devins was murdered on July 14, 2019 by Brandon Clark in Bianca's hometown of Utica, New York. (Decl. Devins, ¶¶ 6, 8).

8. Bianca was 17 years old and Clark was 21. (Decl. Devins ¶¶ 7, 8).

9. Clark recorded himself having sex with Bianca in his SUV and then murdering her. (Decl. Devins ¶ 9). Clark uploaded some of the screenshots from the murder to social media. (Decl. Devins ¶ 10).

10. The still images of Bianca's dead body that Clark posted on social media became a sensation online. (Decl. Devins ¶ 26). Clark was martyred by misogynist internet trolls who loathed the type of unattainable girl they thought Bianca was. (Decl. Devins ¶ 25). The case was covered widely in local, national, and international media because of the online component. (Decl. Devins ¶ 26).

11. Several documentarians and true crime shows covered the murder and criminal case. (Decl. Devins ¶ 26).

12. In death, Bianca's own Instagram page went from 2,000 to 166,000 followers, many of the commenters praised Clark's action; they also went on to harass Bianca's mom and sister, sending them images of Bianca's dead body. (Decl. Devins ¶ 25).

13. On March 16, 2021 Clark was sentenced to a minimum of 25 years; he pleaded guilty to second degree murder.

14. Documentarians from the network A+E and from the CBS show 48 Hours informed Bianca's mother, Kimberly Devins, that the Oneida County District Attorney's Office had shared with them the murder video and the sex video. (Decl. Devins ¶ 27).

15. Upon information and belief, Oneida County DA may also have shared the contents of Bianca's phone which was seized from the crime scene. (Decl. Devins ¶¶ 12-13, 21). Bianca's phone contained nude images and videos of Bianca which show her genitals and violate our child pornography laws. (Decl. Devins ¶ 12).

16. On November 23, 2020, Kimberly Devins and I had a meeting with Utica Police Department and the Oneida County District Attorney at which time we asked them to stop spreading child pornography depicting Bianca. (Decl. Devins ¶ 28). We told them it violated federal child pornography laws. (Decl. Devins ¶ 15). They incorrectly told us sharing them was not illegal under New York State law and that New York State law trumped federal child pornography laws. (Decl. Devins ¶ 18, 28).

17. On February 25, 2021 and March 22, 2021 as counsel to Plaintiff, we sent letters urging Oneida County to assure us they would not be sending out more images of Bianca that violated child pornography laws. (Decl. Devins ¶ 29). On March 22, 2021 Oneida County Assistant District Attorney Sarah DeMellier said the DA's Office "will not be providing as part of any FOIL request the still images or video of Bianca and Brandon engaging in sexual intercourse or Brandon's commission of the homicide." (Decl. Devins ¶ 30).

18. On June 29, 2021, Kimberly was notified by Clark's Aunt that a YouTuber covering the case obsessively, Alissa Tillman, aka Antimone Layne, had received sex and murder videos depicting Bianca and that they were sent to her in response to her FOIL request to the DA's office. (Decl. Devins ¶ 31).

19. Because of the intrigue surrounding Bianca's murder, if the content were to be released online, it is likely to go viral and it will be impossible to contain the spread. Just yesterday,

4

on the two-year anniversary of Bianca's death, new threats materialized on Bianca's Instagram page with commenters making the following posts "I have biancas sex tape 😢 💯 💯" and "bianca i have your nudes 😺."

20. The legacy of Bianca Devins has been dominated by her grisly and tragic murder which lives on in perpetuity through the images online, which are frequently used to harass her family.

21. Defendants have extinguished this child's right to privacy or dignity.

22. Even by claiming (falsely) that it was legal to share sex videos of Bianca, Defendants seemed unable to appreciate the immorality of peddling a sex video captured without consent depicting a murdered 17-year-old.

23. Rule 65 (a)(1) of the Federal Rules of Civil Procedures (FRCP) authorizes a judge to issue a preliminary injunction on notice to the adverse party ("The court may issue a preliminary injunction only on notice to the adverse party").

24. FRCP Rule 65(b)(1) authorizes a judge to issue a Temporary Restraining Order without notice in extreme circumstances. ("(1) The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.")

25. The test for whether a preliminary injunction is appropriate requires courts to consider whether the plaintiff is likely to succeed on the merits, whether the plaintiff is likely to suffer irreparable harm without the injunction, whether the balance of equities and hardships is in the plaintiff's favor and whether an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7 (2008).

26. Here, the annexed Complaint shows that Plaintiff is likely to succeed on the merits of her case. The complaint is detailed and plausibly pleaded. 18 U.S.C. 2252A and 2255 both pertain to civil remedies, including preliminary injunctive relief, for victims of child pornography. The Complaint demonstrates three incidents where Defendants have engaged in the dissemination of child pornography. (Compl. Devins ¶¶ 14, 17) Declarant is aware of no case law that extinguishes an estate's right to enforce 18 U.S.C. 2252A and 2255 when the exploited victim has deceased. Similar cases where the plaintiff is the estate of a victim of child exploitation are underway in Missouri. It would be against the public interest for child pornography to be legal if the victim is dead or if there was no legal remedy to contain the spread and harm of child sexual exploitation material as these civil remedies do. The third cause of action, for negligence against defendants is also likely to succeed on the merits as law enforcers have a duty to the public, and no more so than crime victims. Our defendants abdicated their duty by causing murder and child pornography depicting Bianca Devins to be shared with members of the media and public. Like the federal claims, this too is plausibly pleaded in detail in the complaint.

27. The Plaintiff is likely to suffer irreparable harm without the injunction. Because of the media and social media frenzy surrounding Bianca's murder and the trial of Brandon Clark, the content is likely to go viral if released. Plaintiff has no control over whether they share it, with whom, or how widely. Strangers online have actively solicited the murder and sex videos and are hungry for the content. (Decl. Devins ¶ 32). The more people who receive it, the more likely it is to be unleashed onto the internet. The Estate of Bianca Devins has an interest in upholding her legacy and celebrating her many talents. However, the focus on the murder and the dissemination of the murder and sex conduct has completely dominated all discussion about Bianca's short life. The Estate of Bianca Devins has an interest in maintaining her dignity and privacy in death.

28. Balancing the equities, it's hard to even fathom what Defendants lose by not sharing the sex and murder content of Bianca. Their sentencing of Brandon Clark is completed, and they benefit in no way from sharing the content of Bianca. Any administrative burden in removing the sex and murder content in FOIL request responses has already been suffered by Defendants as proven by the very edited and pared down response to Kimberly Devin's FOIL request which did not contain the murder and sex content.

29. An injunction preventing the spread of the murder and sexual content and requiring an accounting for what has already been shared is in the public interest. It is a crime for anybody to possess the sexual content, and the murder content is traumatic to view. There is no public interest in the dissemination of Bianca's private social media, email, and cellular phone content. She would not have consented to the release if alive and Plaintiff is protecting the content in her death. (Decl. Devins ¶ 21).

30. The extraordinary relief of a restraining order under FRCP 65(b) is necessary based on Defendants' refusal to stop sharing the nude images of Bianca, the fact that defendants are currently responding to FOIL requests by disseminating the illegal content, Defendants' ignorance about the parallel lines of state and federal criminal laws, and broken promises and false representations Kimberly Devins relied on in the past to inform her belief that her daughter's most intimate and violent moments would not be shared on the internet. (Decl. Devins ¶¶ 18-21, 27-28, 30-31).

31. Pursuant to Rule 65(b), Plaintiff has set forth in this declaration, the complaint, and the declaration of Kimberly Devins the immediate and irreparable injury, loss, or damage that will result to the movant and which collectively justifies the court issuing a TRO without waiting for defendants to be heard in opposition. The passage of time increases the likelihood, if Defendant is not restrained, that nude, murder, sex content depicting Bianca

7

will be unleashed onto the internet and it will then be too late to ever regain control of the material.

32. Bianca's Estate and her family have a fundamental interest in Bianca not being the victim of even more crimes in her death. They are driven to protect Bianca's privacy and dignity.

33. The Estate of Bianca Devins has no further adequate remedies at law.

34. The instant relief has not been previously requested.

35. On July 13, 2021 at 5:28pm my office sent a letter to Defendants via email to Defendants' known email address: smcnamara@ocgov.net informing Defendants of the relief sought under FRCP 65(b) and the time (July 15, 2021 at 9/30AM) and location (remote hearing requested, filed via ECF at Northern District New York, Alexander Pirnie Federal Building and US Courthouse at 10 Broad Street, Utica, NY).  **Annexed hereto is the email informing Defendants that Plaintiff seeks Rule 65(b) relief without further notice.**

WHEREFORE, the Estate of Bianca Devins respectfully request that the Court issue the temporary restraining order and preliminary injunction described above, as well as such other and further relief as may be just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 14, 2021

*[signature: Carrie Goldberg]*

Carrie Goldberg
C.A. Goldberg, PLLC
16 Court Street
33rd Floor
Brooklyn, NY 11241
Tel:  646 666. 8908
Fax: 718.514.7436
carrie@cagoldberglaw.com
*Attorney for Plaintiff Estate of Bianca Devins*

8