UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ESTATE OF BIANCA DEVINS,

        Plaintiff,

                                      6:21-CV-00802 (GTS/ATB)

   v.

ONEIDA COUNTY, ONEIDA COUNTY
DISTRICT ATTORNEY'S OFFICE,
SCOTT D. MCNAMARA,
JOHN DOES 1-20,

        Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION, PURSUANT TO RULE 12(B)(1)-(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE, TO DISMISS PLAINTIFF'S COMPLAINT**

David H. Walsh, Esq.
Bar Roll No.: 512032
Kenney Shelton Liptak Nowak LLP
Attorneys for Defendants
ONEIDA COUNTY,
ONEIDA COUNTY DISTRICT
ATTORNEY'S OFFICE,
SCOTT D. MCNAMARA
4615 North Street
Jamesville, NY 13078
Tel: (315) 492-3000
E: dhwalsh@kslnlaw.com

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………...…… iii, iv, v, vi, vii, viii

PRELIMINARY STATEMENT………………………………………….. 1

OVERVIEW OF ACTION…………………………………………….... 1

LEGAL STANDARDS………………………………………………… 2

ARGUMENT………………………………………………………...… 3

POINT I: PLAINTIFF'S STATE LAW TORT CLAIMS MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BASED ON ITS FAILURE TO COMPLY WITH CONDITIONS PRECEDENT TO COMMENCING AN ACTION AGAINST A MUNICIPALITY PURSUANT TO GENERAL MUNICIPAL LAW § 50-e-i-h, AND COUNTY LAW § 52……… 3

POINT II: THE DISTRICT ATTORNEY'S OFFICE IS AN IMPROPER PARTY…………………………………………………. 7

POINT III: OFFICIAL CAPACITY CLAIMS AGAINST COUNTY EMPLOYEES SHOULD BE DISMISSED…………... 8

POINT IV: THE INDIVIDUAL CAPACITY CLAIM AGAINST DA MCNAMARA LACKS MERIT AND SHOULD BE DISMISSED……………...…………………………………….. 9

POINT V: PLAINTIFF – THE DECEDENT'S ESTATE – LACKS STANDING TO BRING CLAIMS OF VIOLATION OF 18 U.S.C. § 2252A AND 2225 ON GROUNDS THAT THEY DID NOT QCCRUE DURING THE DECEDENT'S LIFETIME…………… 10

POINT VI: PLAINTIFF LACKS ARTICLE III STANDING TO ASSERT VIOLATIONS OF 18 U.S.C. §§ 2252(A) AND 2255 AGAINST THE DEFENDANTS………….…………………… 12

POINT VII: THE PLAIN LANGUAGE OF 18 U.S.C. §§ 2252(A) AND 2255 ESTABLISHED THAT THE STATUTES DO NOT APPLY TO MUNICIPALITIES……...…………………………  14

POINT VIII: PLAINTIFF'S CLAIMS OF ILLEGAL DISSEMINATION OF MATERIALS IN VIOLATION OF 18 U.S.C. §§ 2252(A) AND 2255 SHOULD BE DISMISSED ON GROUNDS THAT THE COUNTY WAS REQUIRED TO COMPLY WITH THE FOIL LAW IN RESPONDING TO REQUESTS FOR THE UNDERLYING CRIMINAL FILE……………………………………………………..  16

POINT IX: THE COUNTY CANNOT BE LIABLE UNDER PRINCIPLES OF *RESPONDEAT SUPERIOR*…………………  23

POINT X: THE COUNTY IS ENTITLED TO QUALIFIED IMMUNITY………………………………………………  23

POINT XI: PLAINTIFF'S SECOND CAUSE OF ACTION ALLEGING LIABILIT UNDER 18 U.S.C. § 2255 SHOULD BE DISMISSED ON GROUNDS THAT THE COUNTY DID NOT VIOLATE 18 U.S.C. § 2252A, OR ALTERNATIVELY, THAT ANY SUCH VIOLATION OF 18 U.S.C. § 2252A DID NOT CAUSE PERSONAL INJURIES TO THE ALLEGED VICTIM AS SHE WAS DECEASED………………………….………  28

POINT XII: CLAIMS AGAINST THE COUNTY AND DEFENDANTS IN THEIR OFFICIAL CAPACITIES FOR PUNITIVE DAMAGES SHOULD BE DISMISSED…………  30

CONCLUSION……………………………….………………  30

# TABLE OF AUTHORITIES

**Cases:**

*Abdul-Halim v. Bruyere*, No. 9:19-CV-0740 (MAD/ML), 2021 U.S. Dist.
LEXIS 88843, at *45-46 (N.D.N.Y. May 10, 2021)……………..……… 24

*Agosto v. N.Y.C. Dep't of Educ.,* 982 F.3d 86 (2d Cir. 2020)……..………. 25

*Alexander v. Cnty. of Onondaga*, No. 5:08-CV-748, 2009 U.S. Dist. LEXIS
40009, at *19 (N.D.N.Y. May 12, 2009)………………………...…. 30

*Amaker v. Clinton Cnty.,* No. 8:08-CV-00058 (LEK/DRH), 2008 U.S. Dist.
LEXIS 98947, at *9 (N.D.N.Y. Dec. 8, 2008)……………………… 8, 9

*Ambroziak v. Cnty. Of Erie*, 177 A.D.2d 974, 974 (4th Dept. 1991)……..…… 7

*Anderson v. Cnty. of Nassau,* 297 F. Supp. 2d 540 (E.D.N.Y.) 2004)…...…… 23

*Anonymous v. Anonymous*, 191 Misc. 2d 707,
744 N.Y.S.2d 659 (2002)…………………………………….……… 21

*Arol v. Dev. Corp. v. City of New York*, 59 A.D.2d 883,
399 N.Y.S.2d 674…………………………………………………… 5

*Barton v. Warren Cty.,* No. 1:19-cv-1061 (GTS/DJS), 2020 U.S. Dist.
LEXIS 141128, at *17 (N.D.N.Y. Aug. 7, 2020)…………..……… 4

*Beckles v. City of New York*, 492 Fed. App'x 181 (2d Cir. 2012)………….. 24

*Berka v. Cuomo*, 1:20-cv-0516 (GTS/DJS), 2021 U.S. Dist. LEXIS  57339,
at *6 (N.D.N.Y. Mar. 26, 2021)………………….……….…………….. 2, 3

*Billino v. Citibank, N.A.,* 123 F.3d 723 (2d Cir. 1997)…………..……..…… 13

*Brown v. Oneida Cnty.,* No. 6:15-CV-0849 (LEK/ATB), 2016 U.S. Dist.
LEXIS 106836, at *9 (N.D.N.Y. 2016)………………………..…..... 8

*Cartier v. Lussier*, 955 F.2d 841 (2d Cir. 1992)……………………….... 25

*City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981) …………………………………………............   30

*Davidson v. Bronx Mun. Hosp.,* 64 N.Y.2d 59 (1984)……………..……..   4, 6

*Devon Estates v. City of New York*, 92 Misc.2d 1077, 402 N.Y.S.2d 110……………………………………………..………...   5

*Dobrova v. Holder*, 607 F.3d 297 (2d Cir. 2010) ……..………..….…..…   15

*Doe v. Bellmore-Merrick Cent. High Sch. Dist.,* 1 Misc. 3d 697, 770 N.Y.S.2d 847 (Sup. Ct. 2003) ……………………………………..   21, 22

*Doe v. Capiello*, 758 Fed. App'x 181 (2d Cir. 2019)…………….…………   25

*Doe v. Liberatore*, 478 F.Supp.2d 742, 67 Fed.R.Serv.3d (Callaghan) 845, 2007 U.S. Dist. LEXIS 19067 (M.D. Pa. 2007)….……………...……   29

*Doe v. Lima,* 270 F.Supp.3d 684 (S.D.N.Y. 2017)……………..……..…..   24

*Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 384 (2d Cir. 2021) ………………………………………………………...   13

*Giblin v. Nassau County Med. Center*, 61 N.Y.2d 67, 471 N.Y.S.2d 563, 459 N.E.2d 856……………………………………………………..……   5

*Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013)………...   24

*Haughey v. Cnty. of Putnam,* No. 18-CV-2861 (KMK), 2020 U.S. Dist. LEXIS 55394, at *39 (S.D.N.Y. Mar. 30, 2020)……………………...   10

*Hernandez c. Smith*, 793 F. App'x 261 (5th Cir. 2019)……………..…....   13

*House v. Mitra QSR KNE LLC*, 796 F. App'x 783 *4th Cir. 2019)…..…….   13

*In re 2016 Primary Election,* 836 F.3d 584 (6th Cir. 2016)…………......…   13

*Ivani Contracting Corp. v. City of New York*, 103 F.3d 257 (2d Cir. 1997)………………………………………………..…..…..……   30

*Kentucky v. Graham*, 473 U.S. 159, 105 S. Ct. 3099,
87 L.Ed.2d 114 (1985)…………………………………....……   8

*Kluczynski v. Zwack*, 170 A.D.3d 1656 (4th Dept. 2019)…………..…...…….   7

*Kowalski v. Cnty. of Erie*, 170 A.D.2d 950 (4th Dept. 1991) ……....…..…..   7

*Lall v. City of N.Y.*, No. 17-CV-3609, 2021 U.S. Dist. LEXIS 42357, at *35   25
(E.D.N.Y. Mar. 5, 2021)……………………………….…………..

*LN Mgmt., LLC v. JP Morgan Chase Bank, N.A.*, 957 F.3d 943 (9th Cir.
2020)……………………………………………………..……...   13

*Lucker v. Bayside Cemetery*, 114 A.D.3d 162 (1st Dept. 2013)……..…......   11,
12

*Matter of Abdur-Rashid v. N.Y.C. Police Dep't*, 2018 N.Y. Slip. Op. 002206,
31   N.Y.3d   217,   76   N.Y.S.3d   460,   100   N.E.3d   799
(2018)…………………………………………………….…......   16

*Matter of Data Tree, LLC v. Romaine*, 9 N.Y.3d 454, 880 N.E.2d 10, 849
N.Y.S.2d 489 (2007)……………………………………….……   17

*Matter of Edwards v. N.Y. State Police,* 44 A.D.3d 1216 (3rd Dept.
2007)……………………………………………………………   20

*Matter of Fink v. Lefkowitz,* 47 N.Y.2d 567, 393 N.E.2d 463, 419 N.Y.S.2d
467 (1979)……………………………………………..………..   17

*Matter of Gandolfo*, 237 A.D.2d 115, 655 N.Y.S.2d 341
(1st Dept. 1997)………………………………….……...………   11,
12

*Matter of Hanig v. State of N.Y. Dept. of Motor Vehs.*, 79 N.Y.2d 106, 588
N.E.2d 750, 580 N.Y.S.2d 715 (1992)……………….……...…....   17

*Matter of Jones v. Town of Kent*, 2015 N.Y. Slip Op 50323(U), 46 Misc.3d
12227(A), 13 N.Y.S.3d 850 (Putnam Cnty. Sup. Ct. Mar. 17,
2015)………………………………………………………..…   21

*Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 98 S. Ct. 2018,
56 L.Ed.2d 611 (1978)……………………………………….…......   8

*Montero*, 890 F.3d at 402……………………………………….……..…   25

*Morningstar Care Ctr., v. Zucker*, No. 5:15-CV_1470 (GTS/DEP), 2016 U.S. Dist. LEXIS 131852, at *34-35 (N.D.N.Y. Sep. 27, 2016)……………………………………………………..……   12

*Nat. Res. Defense Council, Inc., v. Food & Drug Admin*., 710 F.3d 71 (2d Cir. 2013)……………………………………………………..…..   13

*Oshintayo v. Karuse*, Civil Action No. 3:19-CV-0253 (DNH/DEP), 2019 U.S. Dist. LEXIS 56539, at *9 (N.D.N.Y. Apr. 1, 2019)……...…….   8

*Parker v. Soares,* No. 1:19-CV-113 (GLS/CFH), 2019 U.S. Dist. LEXIS 86883, at *7-8 (N.D.N.Y. May 23, 2019)…………………..……   23

*Parochial Bus Systems v. Board of Educ.,* 60 N.Y.2d 539, N.Y.S.2d 564, 458 N.E.2d 1241………………………………………..……..   5

*People v. Burton*, 189 A.D.2d 532 (3rd Dept. 1993)…………….……….   21

*People v. Santiago*, No. 348/06, 2007 N.Y. Misc. LEXIS 4364, at *1 (Sup. Ct. June 7, 2007)……………………………………………..…..   21

*People v. Williams,* 2010 N.Y. Slip Op 51947(U), 29 Misc. 3d 1222(A), 920 N.Y.S.2d 243 (Nassau Cnty. Sup. Ct. Nov. 15, 2010)……..……   22

*Phillips v. Wright*, 553 Fed. App'x 16 (2d Cir. 2014)…………….…...……   24

*Polansky v. Regan*, 103 Misc. 2d 696, 427 N.Y.S.2d 161, 1980 N.Y. Misc. LEXIS 2182 (N.Y. Sup. Ct. 1980), *modified*, 81 A.D.2d 102, 440 N.Y.S.2d 356, 1981 N.Y. App. Div. LEXIS 10495 (3rd Dept. 1981)...   18

*Reichle v. Howards*, 566 U.S. 658, 132 S. Ct. 2088, 182 L. Ed. 2d 985 (2012)…………………………………………………………   24

*Republic of Argentina v. City of New York*, 25 N.Y.2d 252, N.Y.S.2d 644, 250 N.E.2d 698…………………………………………….…….   5

*Russo v. Nassau Cnty. Cmty. Coll.*, 81 N.Y.2d 690, 603 N.Y.S.2d 294, 623 N.E.2d 15 (1993) ……………………………….……............   19

*Saucier v. Katz*, 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001)……………………………………………………...   24, 25

*Short v. Bd. Of Mgrs. Of Nassau Cnty. Med. Ctr.,* 57 N.Y.2d 399, 456 N.Y.S.2d 724, 442 N.E.2d 1235, 1982 N.Y. LEXIS 3787 (N.Y. 1982)……………………………………………………….   18, 20

*Smith v. Husband,* 376 F.Supp.2d 603 (E.D. Va. 2005)………….……….   29

*Sweets v. Behrens,* 88 A.D.2d 745 (3rd Dept. 1982)…………………….…....   11,12

*Szalay v. Town of Webster Police Dep't,* 144 A.D.3d 1603 (4th Dept. 2016)……………………………………………….…   4

*Terebesi v. Torreso*, 764 F.3d 217 (2d Cir. 2014)……………………………   24

*Trombley v. O'Neill*, 929 F. Supp. 2d 81 (N.D.N.Y. 2013)………………..   9

*Tsotesi v. Bd. Of Educ.*, 258 F. Supp. 2d 336 (S.D.N.Y. 2003)…………….   9

*United States v. Balde*, 943 F.3d 73 (2d Cir. 2019)…………………………   15

*Upton v. Vicknair*, No. 21-407, 2021 U.S. Dist. LEXIS 118756, at *13 (E.D. La. June 25, 2021)………………………………………………….…   29

*Vogeler v. Colbath*, No. 04-CV-6071, 2005 U.S. Dist. LEXIS 44658, 2005 WL 2482549, at *9 (S.D.N.Y. Oct. 6, 2005)…………………………….....   9

**Statutes:**

18 U.S.C. §§ 2251………………………………………………………...   14, 15, 27

18 U.S.C. §§ 2252A…………………………………………………………..   10, 11, 12, 26, 28, 29

18 U.S.C. §§ 2255……………………………………………....   10, 12, 14, 15, 16, 20, 23, 26, 28, 29

18 U.S.C. §§ 2256……………………………………………....   14, 15

22 NYCRR § 216.1……………………………………...……   22

County Law § 52………………………………………………   3, 4, 7

Civil Rights Law § 50-b………………………………….......   21

Federal Rules of Civil Procedure Rule 12(b)(1)………………………   30

Federal Rules of Civil Procedure Rule 12(b)(6)………………………   2, 3, 30

General Municipal Law § 50-e……………………….....   3, 7

General Municipal Law § 50-h………………………...……   1, 6, 7

General Municipal Law § 50-i…………………………   4, 5, 6

New York State Penal Law § 263.10……………..…………   27

New York State Penal Law § 263.15…………………...……   27

Public Officers Law, Article 6……………………..…………   16

Public Officers Law § 84……………………………………   17

Public Officers Law § 86……………………………………   18, 19

Public Officers Law § 87……………………………………   19

## PRELIMINARY STATEMENT

Defendants, ONEIDA COUNTY ("the County"), ONEIDA COUNTY DISTRICT ATTORNEY'S OFFICE ("the DA's office"), SCOTT D. MCNAMARA ("the DA"), JOHN DOES 1-20, by and through their attorneys, Kenney Shelton Liptak Nowak LLP, respectfully submit this memorandum of law in support of their motion, pursuant to Federal Rules of Civil Procedure Rules 12(b)(1)-(6), to dismiss the complaint filed against them by plaintiff, ESTATE OF BIANCA DEVINS ("Plaintiff"), for lack of subject matter jurisdiction over the state tort claims, and with respect to the federal claims, for failure to state a claim upon which relief can be granted.

## OVERVIEW OF ACTION

### A. Relevant Procedural Background

On or about June 28, 2021, Plaintiff served the County with a Notice of Claim, a copy of which is attached hereto as **Exhibit A;** *see also* Dkt. #1 at ¶ 30.

Approximately seventeen (17) days later, on July 15, 2021, Plaintiff commenced this action through the filing of a Complaint. Dkt. #1.

On July 16, 2021, the County issued Plaintiff a Notice of Examination Under Oath pursuant to General Municipal Law § 50-h, a copy of which is attached hereto as **Exhibit B.**

**B. Factual Background**

As required when making a FRCP Rule 12(b)(6) motion to dismiss, the County accepts as true all well pleaded factual allegations and reasonable inferences. However, one fact requires mentioning.  In paragraph 65 of the complaint, Plaintiff alleged:

65. Additionally, Kimberly Devins learned that the police department was also sharing evidence beyond officers' professional capacity. ADA Sarah DeMellier reported to Kimberly that at a local tavern, an officer was sharing body cam footage from the crime scene depicting officers fighting Clark, Bianca's body visible in the background.

The "Police Department" at issue is the City of Utica Police Department and clearly is not a municipal department associated with the County.  Therefore, that allegation should not be construed as applying to the County.

## LEGAL STANDARDS

**A. Legal Standard Governing Motions to Dismiss for Lack of Subject-Matter Jurisdiction (FRCP Rule 12(b)(1)).**

Your Honor recently articulated the legal standard governing motions to dismiss for lack of subject-matter jurisdiction in *Berka v. Cuomo*, No. 1:20-cv-0516 (GTS/DJS), 2021 U.S. Dist. LEXIS 57339, at *6 (N.D.N.Y. Mar. 26, 2021), and for the sake of brevity, will not be repeated here.

For reasons set forth in POINT I, POINT V and POINT VI herein, the County respectfully submits that the Court lacks subject matter jurisdiction over the case.

**B. Legal Standard Governing Motions to Dismiss for Failure to State a Claim (FRCP Rule 12(b)(6)).**

Your Honor also recently articulated the legal standard governing motions to dismiss for failure to state a claim in *Berka*, 2021 U.S. Dist. LEXIS 57339 at *6-10, and again, for the sake of brevity, will not be repeated here.

For reasons set forth in POINT II – IV and POINT VII-XII herein, the County respectfully submits that Plaintiff has failed to state a claim.

## ARGUMENT

### POINT I

**PLAINTIFF'S STATE LAW TORT CLAIMS MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BASED ON ITS FAILURE TO COMPLY WITH CONDITIONS PRECEDENT TO COMMENCING AN ACTION AGAINST A MUNICIPALITY PURSUANT TO GENERAL MUNICIPAL LAW §§ 50-e-i-h, AND COUNTY LAW § 52.**

Plaintiff's third and fourth causes of action allege state law tort claims of negligence and negligent supervision. Dkt. #1 at ¶¶ 101-130.  However, because Plaintiff has failed to strictly comply with conditions precedent to commencing such claims as required by General Municipal Law §§ 50-e-i-h, and County Law § 52, the Court lacks subject-matter jurisdiction over them, and therefore, must be dismissed.

As stated by Your Honor in *Barton v. Warren Cty.*, No. 1:19-CV-1061 (GTS/DJS), 2020 U.S. Dist. LEXIS 141128, at *17 (N.D.N.Y. Aug. 7, 2020), "[n]otice of claim requirements are construed strictly by New York state courts. Failure to comply with these requirements ordinarily requires dismissal for failure to state a cause of action."

Per County Law § 52:

> Any claim or notice of claim against a county for damage, … of every name and nature, … alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of the county, its officers, agents, servants or employees, must be made and served in compliance with section fifty-e of the general municipal law. Every action upon such claim shall be commenced pursuant to the provisions of section fifty-i of the general municipal law.

GML 50-i requires, as a condition precedent to suit, presentation of a notice of claim for actions against a "[county] … for personal injury[.]" GML § 50-i; *Szalay v. Town of Webster Police Dep't*, 144 A.D.3d 1603, 1604 (4th Dept. 2016). Further, GML § 50-i(b) requires the compliance with "shall appear by and as an allegation in the complaint or moving papers that at least thirty days have elapsed since the service of such notice." As set forth by the Court of Appeals in *Davidson v. Bronx Mun. Hosp.*, 64 N.Y.2d 59, 61–62 (1984) (emphasis added):

Service of a notice of claim—the contents of which are prescribed by section 50–e of the General Municipal Law and section 7401 of McKinney's Unconsolidated Laws of NY—is a condition precedent to a lawsuit against a municipal corporation. **Plaintiff must not only plead in his complaint that he has served a notice of claim, but must also allege that the notice was served at least 30 days prior to commencement of the action and that in that time defendants neglected to or refused to adjust or to satisfy the claim** (*Giblin v. Nassau County Med. Center,* 61 N.Y.2d 67, 73–74, 471 N.Y.S.2d 563, 459 N.E.2d 856; General Municipal Law, § 50–i, subd. 1; McKinney's Unconsolidated Laws of N.Y., § 7401, subd. 1). **Failure to comply with provisions requiring notice and presentment of claims prior to the commencement of litigation ordinarily requires dismissal** (*Republic of Argentina v. City of New York,* 25 N.Y.2d 252, 265, 303 N.Y.S.2d 644, 250 N.E.2d 698; see, also, *Parochial Bus Systems v. Board of Educ.,* 60 N.Y.2d 539, 548, 470 N.Y.S.2d 564, 458 N.E.2d 1241). **The mandatory 30-day period between service of the notice of claim and the summons and complaint serves the salutary purpose of allowing municipal defendants to conduct an investigation and examine the plaintiff with respect to the claim** (see General Municipal Law, § 50–h; McKinney's Unconsolidated Laws of NY, § 7401, subd. 2), **and to determine whether the claims should be adjusted or satisfied before the parties are subjected to the expense of litigation** (see *Arol Dev. Corp. v. City of New York,* 59 A.D.2d 883, 399 N.Y.S.2d 674; *Devon Estates v. City of New York,* 92 Misc.2d 1077, 1078, 402 N.Y.S.2d 110).

(emphasis added).

Here, Plaintiff's complaint expressly establishes non-compliance with GML § 50-i through allegations that it served the County with a Notice of Claim just seventeen (17) days before commencing this action, *see* dkt. #1 at ¶ 30, which is a

clear of violation of GML § 50-i. Therefore, in accordance with well-established case law, *see e.g., Davidson*, 64 N.Y.2d at 61–62, this Court should dismiss Plaintiff's state law claims until there has been strict compliance with this statutory provision.

Separately, General Municipal Law § 50-h(1) provides that "[w]herever a notice of claim is filed against a … county, .. the … county … shall have the right to demand an examination of the claimant relative to the occurrence and extent of the injuries or damages for which claim is made."   Per General Municipal Law § 50-h(5),

> **Where a demand for examination has been served as provided in subdivision two of this section no action shall be commenced against the … county … against which the claim is made unless the claimant has duly complied with such demand for examination**, which compliance shall be in addition to the requirements of section fifty-e of this chapter. If such examination is not conducted within ninety days of service of the demand, the claimant may commence the action. The action, however, may not be commenced until compliance with the demand for examination if the claimant fails to appear at the hearing or requests an adjournment or postponement beyond the ninety day period. If the claimant requests an adjournment or postponement beyond the ninety day period, the … county … district shall reschedule the hearing for the earliest possible date available.

"It is well established that a potential plaintiff is precluded from commencing an action against a municipality until there has been compliance with section 50–h(1) of the General Municipal Law." *Ambroziak v. Cty. of Erie*, 177 A.D.2d 974, 974 (4th Dept. 1991) (*citing Kowalski v. Cnty. of Erie*, 170 A.D.2d 950 (4th Dept. 1991)). *See also Kluczynski v. Zwack*, 170 A.D.3d 1656, 1657 (4th Dept. 2019).

Here, the application of General Municipal Law § 50-h as set forth in cases such as *Kowalski*, 170 A.D.2d 950, warrants dismissal of Plaintiff's state law tort claims as it has plainly failed to comply with its conditions precedent to commencing the action. Specifically, similar to *Kowalski*, 170 A.D.2d 950, Plaintiff in this case has not allowed for a timely noticed 50-h examination to be conducted, and instead, has prematurely commenced the action.

Accordingly, for the foregoing reasons and legal authorities, the County respectfully requests that the third and fourth causes of action (alleging state law torts) be dismissed for failure to comply with General Municipal Law §§ 50-e-i-h and County Law § 52.

## POINT II

### THE DISTRICT ATTORNEY'S OFFICE IS AN IMPROPER PARTY.

Plaintiff has named "THE ONEIDA COUNTY DISTRICT ATTORNEY'S OFFICE" as a defendant in this matter. *See* dkt. #1. However, "since [the] County has already been named as a defendant, claims against its departments are

redundant." *Brown v. Oneida Cnty.*, No. 6:15-CV-0849 (LEK/ATB), 2016 U.S. Dist. LEXIS 106836, at *9 (N.D.N.Y. 2016). "[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." *Id.* (*citations omitted*). "The district attorney's office … [is an] administrative arm[] of Oneida County. As such, Oneida County is the proper defendant in this case. Therefore, all claims against the Oneida County District Attorney's Office" should be dismissed. *See id.*; *Oshintayo v. Krause,* Civil Action No. 3:19-CV-0253 (DNH/DEP), 2019 U.S. Dist. LEXIS 56539, at *9 (N.D.N.Y. Apr. 1, 2019).

## POINT III

## OFFICIAL CAPACITY CLAIMS AGAINST COUNTY EMPLOYEES SHOULD BE DISMISSED.

Plaintiff's complaint alleges that District Attorney Scott McNamara ("DA McNamara"), "John Does 1-20" (alleged employees or agents of the County), and the District Attorney's office committed certain wrongs. *See* dkt. #1 at ¶¶ 25-26, 60, 76, 78, 81-100. However, "[i]t is well settled that official capacity claims are duplicative of claims of municipal liability, as official capacity claims '"generally represent only another way of pleading an action against an entity of which an officer is an agent."' *Amaker v. Clinton Cnty.*, No. 8:08-CV-00058 (LEK/DRH), 2008 U.S. Dist. LEXIS 98947, at *9 (N.D.N.Y. Dec. 8, 2008) (*quoting Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); *Monell v. New York*

*City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)); *see Tsotesi v. Bd. of Educ.*, 258 F. Supp. 2d 336, 338 n.10 (S.D.N.Y. 2003) (dismissing official capacity claims against officials where plaintiff also alleged municipal liability). Thus, the Court, as it did with respect to the official capacity claims in *Amaker*, No. 8:08-CV-00058 (LEK/DRH), 2008 U.S. Dist. LEXIS 98947, should dismiss the officially capacity claims against DA McNamara and John Does 1-20.

## POINT IV

### THE INVIDIVUAL CAPACITY CLAIM AGAINST DA MCNAMARA LACKS MERIT AND SHOULD BE DISMISSED.

Plaintiff, in addition to suing DA McNamara in his official capacity, also sued him in his individual capacity. Dkt. #1 at ¶ 25.  However, a review of the complaint reveals a lack of any allegations pertaining to DA McNamara's personal involvement in the alleged dissemination of materials Plaintiff claims constitutes "child pornography." *See generally id.*  Given that "Plaintiffs must also allege . . . the personal involvement of the Defendant in the actions underlying their claim[,]" *Trombley v. O'Neill*, 929 F. Supp. 2d 81, 100 (N.D.N.Y. 2013) (*quoting Vogeler v. Colbath*, No. 04-CV-6071, 2005 U.S. Dist. LEXIS 44658, 2005 WL 2482549, at *9 (S.D.N.Y. Oct. 6, 2005), Plaintiff's failure to do so warrants dismissal of the individual capacity claims against DA McNamara as matter of law.

Similarly, dismissal is also warranted on grounds that, despite DA McNamara being included in the caption, absent from the complaint are any substantive allegations against him with respect to any dissemination of materials. *See generally* dkt. #1. "[W]here a plaintiff names a defendant in the caption, but the complaint contains no substantive allegations against the defendant, dismissal of the complaint as to that defendant is appropriate." *Haughey v. Cnty. of Putnam*, No. 18-CV-2861 (KMK), 2020 U.S. Dist. LEXIS 55394, at *39 (S.D.N.Y. Mar. 30, 2020) (citations omitted).

Accordingly, DA McNamara's individual capacity claims should be dismissed.

## POINT V

**PLAINTIFF – THE DECEDENT'S ESTATE – LACKS STANDING TO BRING CLAIMS OF VIOLATION OF 18 U.S.C. §§ 2252A AND 2255 ON GROUNDS THAT THEY DID NOT ACCRUE DURING THE DECEDENT'S LIFETIME.**

Plaintiff, THE ESTATE OF BIANCA DEVINS,[1] has brought this complaint asserting federal causes of action for violations of 18 U.S.C. §§ 2252A and 2255, claiming the County has illegally disseminated "child pornography" depicting the decedent. *See* dkt. #1 at ¶¶ 81-100.  However, because those causes of action did not

---

[1] Although not fatal at this stage, the County would also point out that THE ESTATE OF BIANCA DEVINS is not the real party in interest, and therefore, lacks capacity to sue. *See* FRCP Rule 17.

accrue during the decedent's lifetime, the estate lacks standing to bring them in this case.

A decedent's personal representative has the authority to bring causes of action that were viable at the time of the decedent's death, not claims that arose after his or her death. EPTL 11-3.1. *Lucker v. Bayside Cemetery*, 114 A.D.3d 162, 172 (1st Dept. 2013); *Matter of Gandolfo*, 237 AD2d 115, 655 NYS2d 341 (1st Dept 1997); *Sweets v. Behrens*, 88 A.D.2d 745, 746 (3rd Dept. 1982).

Here, the decedent was caused to pass away on July 14, 2019. Dkt. #1 at ¶ 2. Per the complaint, Plaintiff  alleged that on or about June 28 - 29, 2021, it learned the County disseminated "material that included the sex and murder videos" to a person in response to a FOIL request. Dkt. #1 at ¶¶ 17, 78.  There are no other allegations in the claiming the County disseminated the materials before the decedent's death (and obviously, could not have possibly occurred). *See generally* dkt. #1.

The fact that the alleged dissemination did not occur until after the decedent's death is fatal to Plaintiff's claim because the decedent was not "aggrieved" by any alleged violation of 18 U.S.C. § 2252A during her lifetime.  Given that she did not have a viable claim for violation of 18 U.S.C. § 2252A at the time of her death, her estate is unable to press on with causes of action for violation that statute (and 18

U.S.C. § 2255) following her death. EPTL 11-3.1. *Lucker*, 114 A.D.3d 162; *Matter of Gandolfo*, 237 AD2d 115; *Sweets*, 88 A.D.2d 745, 746.

Further, not only has the County been unable to uncover a single case supporting an Estate's right to commence claims for violations of 18 U.S.C. §§ 2252A and 2255, Plaintiff in her motion for preliminary injunction or temporary restraining order also acknowledged its inability to find any case law supporting its standing to bring these claims. *See* dkt. #2 at 6.

Accordingly, given the Estate's lack of standing under EPTL 11-3.1 to bring claims that did not accrue until after the decedent's death, the first and second causes of action (alleging violations of 18 U.S.C. §§ 2252A and 2255) must be dismissed as a matter of law.

## POINT VI

**PLAINTIFF LACKS ARTICLE III STANDING TO ASSERT VIOLATIONS OF 18 U.S.C. §§ 2252(A) AND 2255 AGAINST THE DEFENDANTS.**

Alternatively, the Estate's lack of Article III standing warrants dismissal.

Your Honor in *Morningstar Care Ctr. v. Zucker*, No. 5:15-CV-1470 (GTS/DEP), 2016 U.S. Dist. LEXIS 131852, at *34-35 (N.D.N.Y. Sep. 27, 2016), addressed Article III standing, stating:

> "To establish that a case or controversy exists so as to confer standing under Article III, a plaintiff must satisfy three elements: (a) the plaintiff must suffer an 'injury in fact,' (b) that injury must be 'fairly traceable' to the challenged action, and (c) the injury must be likely to be 'redressed by a favorable decision' of the federal court." *Nat. Res. Defense Council, Inc. v. Food & Drug Admin.*, 710 F.3d 71, 79 (2d Cir. 2013).

Here, Plaintiff's claims fail to satisfy all three elements as the victim of the alleged dissemination of child pornography was deceased, and therefore, did not suffer an injury in fact, nor could it be traceable to the challenged action, and could not be redressed by any favorable decision of this Court.  Support for this argument appears in the recent Second Circuit case *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 384-85 (2d Cir. 2021), wherein the Court stated, in relevant part, as follows:

> "[t]he most elemental requirement of adversary litigation is that there be two or more parties," meaning that "[a]bsent a plaintiff with legal existence, there can be no Article III case or controversy." *House v. Mitra QSR KNE LLC*, 796 F. App'x 783, 787 (4th Cir. 2019) (quoting Wright & Miller § 3530); *see also LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 953 (9th Cir. 2020) (concluding that it is "obvious" that "the dead lack the capacities that litigants must have to allow for a true Article III case or controversy"); *Hernandez v. Smith*, 793 F. App'x 261, 265 (5th Cir. 2019) (plaintiff "did not have standing to sue because she was deceased"); *In re 2016 Primary Election*, 836 F.3d 584, 587 (6th Cir. 2016) ("[O]ne elemental precondition for meeting the case-or-controversy requirement is a claimant with standing. There is no plaintiff with standing if there is no plaintiff." (internal citation omitted)); *cf. Billino v. Citibank, N.A.*,

13

123 F.3d 723, 725 (2d Cir. 1997) (explaining that it was a jurisdictional error for the appeal to be brought only in the name of a dead party as a "deceased plaintiff simply no longer has a cognizable interest in the outcome of litigation").

On these grounds, Plaintiff lacks Article III standing, and therefore, the claims should be dismissed.

### POINT VII

### THE PLAIN LANGUAGE OF 18 U.S.C. §§ 2252(A) AND 2255 ESTABLISHES THAT THE STATUTES DO NOT APPLY TO MUNCIPALITIES.

Plaintiff claims the County violated 18 U.S.C. §§ 2252(A) and 2255. *See* dkt. #1 at ¶¶ 81-100.  However, because the plain language of the statutes limit such violations to "persons," the County – a municipality – cannot be liable.

18 U.S.C. §§ 2252(A)(a) provides that "[a]ny **person** who …" violates the statute will be punished in accordance with its provisions.  The term "person" is not defined in the statute itself, nor in the accompanying statute, 18 U.S.C. § 2256, which defines terms within 18 U.S.C. § 2251, *et seq.*  Thus, it is necessary to explore elsewhere within the law to determine exactly what is meant by the term "person" and whether it should include a municipality such as the County.  In the County's view, the term "person" is limited to precisely that – persons.

As an initial matter, given that Congress declined to define the term in 18 U.S.C. § 2256, it stands to reason that it meant the term "person" to be limited to its plain meaning: humans.

In any event, "[a]s with most matters of statutory interpretation, [the Court will] start with the text of the statute." *United States v. Balde*, 943 F.3d 73, 81 (2d Cir. 2019). "Statutory analysis necessarily begins with the plain meaning of a law's text and, absent ambiguity, will generally end there." *Id.* (*citing Dobrova v. Holder*, 607 F.3d 297, 301 (2d Cir. 2010) (internal quotation marks and alterations omitted). "In conducting such an analysis, we review the statutory text, considering the ordinary or natural meaning of the words chosen by Congress, as well as the placement and purpose of those words in the statutory scheme." *Id.* (*quoting Dobrova*, 607 F.3d at 301 (internal quotation marks omitted). The plain meaning here is clear.  Per the Oxford Dictionary, the term "person" means "a human as an individual."[2]

Further, a thorough search of case law has not uncovered a single other case wherein a municipality was charged with violation of 18 U.S.C. § 2251, et. seq. (including §§ 2252(A) and 2255).  The absence of any other case law suggests that the term "persons" was not contemplated to include municipalities.

---

[2] https://www.oxfordlearnersdictionaries.com/us/definition/english/person.

## POINT VIII

**PLAINTIFF'S CLAIMS OF ILLEGAL DISSEMINATION OF MATERIALS IN VIOLATION OF 18 U.S.C. §§ 2252(A) AND 2255 SHOULD BE DISMISSED ON GROUNDS THAT THE COUNTY WAS REQUIRED TO COMPLY WITH THE FOIL LAW IN RESPONDING TO REQUESTS FOR THE UNDERLYING CRIMINAL FILE.**

Plaintiff alleged that the County violated 18 U.S.C. §§ 2252(A) and 2255, in part, by fulfilling certain FOIL requests of private persons[3] and perhaps to media outlets. *See* dkt. #1 at ¶¶ 17, 56, 69, 70, 73, 74, 76, 77, 78, 92.  However, because the FOIL Law does not require any such allegedly pornographic material be withheld, the County cannot be liable for the alleged disclosure of such materials in response to FOIL requests.

The Freedom of Information Law, commonly known as "FOIL" (Public Officers Law, Article 6, Sections 84-90) is New York State's principal statute regarding public access to government records.  The New York State Court of Appeals in *Matter of Abdur-Rashid v. N.Y.C. Police Dep't*, 2018 NY Slip Op 02206, ¶ 3, 31 N.Y.3d 217, 224-25, 76 N.Y.S.3d 460, 464, 100 N.E.3d 799, 803 (2018), discussed the purpose of FOIL and its broad disclosure requirements, stating:

---

[3] Specifically, Alissa Tallman, a.k.a., Antimone Layne. *See* dkt. #1 at ¶¶ 17, 78.

> To promote open government and public accountability,
> FOIL imposes a broad duty on government agencies to
> make their records available to the public (*see* Public
> Officers Law § 84). The statute is based on the policy that
> "the public is vested with an inherent right to know and
> that official secrecy is anathematic to our form of
> government" (*Matter of Fink v Lefkowitz*, 47 NY2d 567,
> 571, 393 NE2d 463, 419 NYS2d 467 [1979]). Consistent
> with the legislative declaration in Public Officers Law §
> 84, FOIL is liberally construed and its statutory
> exemptions narrowly interpreted (*see Matter of Data Tree,
> LLC v Romaine*, 9 NY3d 454, 462, 880 NE2d 10, 849
> NYS2d 489 [2007]). All records are presumptively
> available for public inspection and copying, unless the
> agency satisfies its burden of demonstrating that "the
> material requested falls squarely within the ambit of one
> of [the] statutory exemptions" (*Fink*, 47 NY2d at 571).
> "While FOIL exemptions are to be narrowly read, they
> must of course be given their natural and obvious meaning
> where such interpretation is consistent with the legislative
> intent and with the general purpose and manifest policy
> underlying FOIL" (*Matter of Hanig v State of N.Y. Dept.
> of Motor Vehs.*, 79 NY2d 106, 110, 588 NE2d 750, 580
> NYS2d 715 [1992] [internal quotation marks and citation
> omitted]). Nor may the courts order disclosure of records
> deemed *confidential* by the legislature: "[o]nce it is
> determined that the requested material falls within a FOIL
> exemption, no further [balancing of interests or] policy
> analysis is required" (*id.* at 112).

Although New York's FOIL is based upon the like Federal act and reliance

upon Federal case law is appropriate, Federal case law having created a distinction

between purely factual material and deliberative memoranda, the New York statute,

unlike the Federal act, is based upon a fundamental finding that the public should

have unimpaired access. *Polansky v Regan*, 103 Misc. 2d 696, 427 N.Y.S.2d 161, 1980 N.Y. Misc. LEXIS 2182 (N.Y. Sup. Ct. 1980), *modified*, 81 A.D.2d 102, 440 N.Y.S.2d 356, 1981 N.Y. App. Div. LEXIS 10495 (3rd Dept. 1981).

Importantly, "[FOIL] is permissive; thus, while [an] agency may withhold records under certain circumstances, [an] agency may disclose even if records are deniable." Comm Pub Acc Rec FOIL-Ad Op 2524; *see* Comm Pub Acc Rec FOIL-Ad Op 2759 ("Freedom of Information Law is permissive and while agency may withhold records falling within one or more of 8 grounds for denial appearing in Freedom of Information Law § 87(2) there is no requirement that such records must be withheld."). Nothing in the FOIL restricts the right of the agency if it so chooses to grant access to records within any of the statutory exceptions, with or without deletion of identifying details. *Short v. Bd. of Mgrs. of Nassau Cnty. Med. Ctr.*, 57 N.Y.2d 399, 456 N.Y.S.2d 724, 442 N.E.2d 1235, 1982 N.Y. LEXIS 3787 (N.Y. 1982). Thus, although an agency <u>may</u> withhold certain records under the FOIL if there is a valid statutory exemption, it is not <u>required</u> to do so.

A review of Public Officers Law § 86 reveals that "District attorneys' offices and records are subject to [FOIL]." Comm Pub Acc Rec FOIL-Ad Op 2530. In addition, the "[o[ffice of district attorney is [a] governmental entity performing governmental function and is [an] agency within meaning of [FOIL] in all respects."

Comm Pub Acc Rec FOIL-Ad Op 2644.  Thus, the County – through its District

Attorneys' Office, is an "agency" bound by FOIL to comply with its provisions.

As for the "records" at issue (the alleged videos and photographs), they are

subject to disclosure as Public Officers Law § 86(4) defines "records" as follows:

> "Record" means any information kept, held, filed, produced or reproduced by, with or for an agency or the state legislature, in any physical form whatsoever including, but not limited to, reports, statements, examinations, memoranda, opinions, folders, files, books, manuals, pamphlets, forms, papers, designs, drawings, maps, photos, letters, microfilms, computer tapes or discs, rules, regulations or codes.

For example, in *Russo v. Nassau Cnty. Cmty. Coll.*, 81 N.Y.2d 690, 700, 603

N.Y.S.2d 294, 298, 623 N.E.2d 15, 19 (1993), the New York State Court of Appeals

determined that sexually explicit videos constituted "records" that must be disclosed

by the respondent "agency" pursuant to Public Officers Law § 86(4).

Here, application of FOIL through its plain language and relevant case law

establishes that the County cannot be liable for fulfilling FOIL requests for the

underlying criminal file – even if its contents include the alleged "records"

constituting "child pornography."   Specifically, absent from the FOIL is any

provision that requires any such materials be withheld from disclosure. *See generally*

Pub. Officers Law §§ 84-90.  Instead, the FOIL merely permits the withholding of

certain records if the responding agency can articulate a valid basis. *See generally*

*id.* For example, pursuant to Public Officers Law § 87(2)(a)-(b):

> 2) Each agency shall, in accordance with its published rules, make available for public inspection and copying all records, except that such agency **may** deny access to records or portions thereof that
>
> a) are specifically exempted from disclosure by state or federal statute;
>
> b) if disclosed would constitute an unwarranted invasion of personal privacy[.]

As for the sub-(a), absent from 18 U.S.C.S. §§ 2252(A) and 2255 is any language requiring that government agencies withhold records that amount to "child pornography" from FOIL requests or else risk criminal or civil liability. A thorough search of relevant case law on this point has not yielded any guidance, either. Accordingly, to the extent Plaintiff claims the County violated 18 U.S.C.S. §§ 2252(A) or 2255 through the dissemination of "child pornography" pursuant to a FOIL request, such allegations lack merit and should be dismissed.

As for sub-(b), it is true that agencies may withhold records such as a murder victim's photographs on grounds that the victim's family had a privacy interest in protecting her dignity and memory. *See e.g., Matter of Edwards v. N.Y. State Police*, 44 A.D.3d 1216, 1217 (3rd Dept. 2007). However, as discussed above, such a determination is permissive and the agency could still disclose such records despite this statutory exemption if it chose to do so. *See Short*, 57 N.Y.2d 399; Comm Pub Acc Rec FOIL-Ad Op 2524; Comm Pub Acc Rec FOIL-Ad Op 2759. Thus, any

argument that the records must have been withheld on "privacy" grounds also lack merit.

Further expanding on the privacy point, Plaintiff also claimed that the decedent lost privacy. *See* dkt. #1 at ¶ 97.  However, "[p]rivacy is a limited right, which is not recognized in New York common law and exists only to the extent created by statute." *Doe v. Bellmore-Merrick Cent. High Sch. Dist.*, 1 Misc. 3d 697, 700, 770 N.Y.S.2d 847, 850 (Sup. Ct. 2003) (citations omitted). "Civil Rights Law § 50-b provides a limited statutory right of privacy to a specific class of individuals, namely, victims of sex crimes." *Id.*  However, "the right to proceed anonymously … does not prevent the public from accessing court records. *Id.* (*citing Anonymous v. Anonymous*, 191 Misc. 2d 707, 744 N.Y.S.2d 659 [2002]).  In addition, that protection "**does not extend beyond the life of the victim**." *Matter of Jones v. Town of Kent*, 2015 NY Slip Op 50323(U), ¶ 3, 46 Misc. 3d 1227(A), 1227A, 13 N.Y.S.3d 850, 850 (Putnam Cnty. Sup. Ct. Mar. 17, 2015) (emphasis added).

Specifically, Civil Rights Law § 50-b did not justify non-access to court files regarding the prosecution of defendant for murder and rape since the statute only created a personal right of the sex offense victim to confidentiality of his or her identity and did not apply where victim had died and her identity had been previously disclosed. *People v. Burton*, 189 A.D.2d 532 (3rd Dept. 1993). *See also People v. Santiago*, No. 348/06, 2007 N.Y. Misc. LEXIS 4364, at *1 (Sup. Ct. June 7, 2007)

(a mother lacked standing to assert her deceased seven year-old daughter's privacy rights, as well as those of the decedent's.  However, the court recognized that special care could be taken to limit some of the criminal file disclosures.)

In the absence of any prohibitions to disclosure under FOIL, Plaintiff has not identified any other potential reasons for non-disclosure, such as a sealed records order. *See e.g., People v. Williams*, 2010 NY Slip Op 51947(U), ¶ 3, 29 Misc. 3d 1222(A), 1222A, 920 N.Y.S.2d 243, 243 (Nassau Cnty. Sup. Ct. Nov. 15, 2010). Significantly, absent from Plaintiff's complaint is any allegation that it sought a court order, such as one pursuant to 22 NYCRR § 216.1, to seal the records she claims constitute pornographic material. *See generally* dkt. #1.  Nor can Plaintiff rely on allegations that the prosecutors told her they would file a motion to seal the records as the District Attorney's office is not within the class of individuals the statute was meant to protect. *See e.g., Doe v. Bellmore-Merrick Cent. High Sch. Dist.*, 1 Misc. 3d 697, 700, 770 N.Y.S.2d 847, 850 (Sup. Ct. 2003).  In the absence of any order sealing such records, there is no requirement prohibiting the County from otherwise complying with the FOIL's broad disclosure laws.

## POINT IX

## THE COUNTY CANNOT BE LIABLE UNDER PRINCIPLES OF *RESPONDEAT SUPERIOR*.

As set forth by this Court in *Parker v. Soares*, No. 1:19-CV-113 (GLS/CFH), 2019 U.S. Dist. LEXIS 86883, at *7-8 (N.D.N.Y. May 23, 2019):

> It is well settled law that "a municipality cannot be held liable solely on a theory of *respondeat superior*." *Anderson v. Cnty. of Nassau*, 297 F. Supp. 2d 540, 546 (E.D.N.Y. 2004). "Local governments are only responsible for their own illegal acts and are not vicariously liable for their employees' actions under a theory of respondent superior." *Waller v. City of Middletown*, 89 F. Supp. 3d 279, 284 (D. Conn. 2015) (citation omitted).

Here, Plaintiff's complaint is limited to allegations against the County for disseminating materials that constituted "child pornography." *See generally* dkt. #1. Given the absence of any § 1983 claim, it appears Plaintiff's claims against the County amount to claims of *respondeat superior*, and therefore, should be dismissed.

## POINT X

## THE COUNTY IS ENTITLED TO QUALIFIED IMMUNITY.

Plaintiff declined to assert a § 1983 claim against the County. *See generally* dkt. #1. However, even assuming, *arguendo*, that the claimed acts could amount to unlawful dissemination of child pornography under 18 U.S.C. §§ 2252(A) or 2255,

and that the alleged acts or omissions could form the basis for a § 1983 claim,

dismissal is still warranted as the County is entitled to qualified immunity.

This Court in *Abdul-Halim v. Bruyere*, No. 9:19-CV-0740 (MAD/ML), 2021

U.S. Dist. LEXIS 88843, at *45-46 (N.D.N.Y. May 10, 2021), recently recognized

the standard for qualified immunity, stating:

> Qualified immunity shields federal and state officials from suit " 'unless [1] the official violated a statutory or constitutional right that [2] was clearly established at the time of the challenged conduct.' " *Terebesi v. Torreso*, 764 F.3d 217, 230 (2d Cir. 2014) (quoting *Reichle v. Howards*, 566 U.S. 658, 664, 132 S. Ct. 2088, 182 L. Ed. 2d 985 (2012)). "A right is 'clearly established' if 'it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.' " *Beckles v. City of New York*, 492 Fed. App'x 181, 182 (2d Cir. 2012) (quoting *Saucier v. Katz*, 533 U.S. 194, 202, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001)).
>
> To determine whether a state official is entitled to qualified immunity for acts taken during the course of his or her employment, a reviewing court is to determine: " '(1) whether plaintiff has shown facts making out violation of a constitutional right; (2) if so, whether that right was clearly established; and (3) even if the right was clearly established, whether it was objectively reasonable for the [official] to believe the conduct at issue was lawful.' " *Phillips v. Wright*, 553 Fed. App'x 16, 17 (2d Cir. 2014) (quoting *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013)). "Even if the right at issue was clearly established in certain respects, however, an officer is still entitled to qualified immunity if 'officers of reasonable competence could disagree' on the legality of the action at issue in its particular factual context." *Doe v. Lima*, 270 F.Supp.3d 684, 710 (S.D.N.Y. 2017) (citations omitted),

*aff'd sub nom. Doe v. Cappiello*, 758 Fed. App'x 181 (2d Cir. 2019).

"Qualified immunity precludes individual liability when "reasonably competent" officials could disagree about whether the conduct at issue would violate a clearly established right." *Cartier v. Lussier*, 955 F.2d 841, 846 (2d Cir. 1992). To overcome qualified immunity, the alleged right must have been clearly established by Second Circuit or Supreme Court precedent at the time of the allegedly illegal action, *Montero*, 890 F.3d at 402,

"[T]he alleged right must have been clearly established by Second Circuit or Supreme Court precedent at the time of the allegedly illegal action." *Lall v. City of N.Y.*, No. 17-CV-3609, 2021 U.S. Dist. LEXIS 42357, at *35 (E.D.N.Y. Mar. 5, 2021) (*citing Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86, 97 (2d Cir. 2020) (citations and quotation marks omitted)). "A right is 'clearly established' if 'it would be clear to a reasonable officer [in the position of the defendant] that his conduct was unlawful in the situation he confronted.'" *Lall*, No. 17-CV-3609, 2021 U.S. Dist. LEXIS 42357, at *35 (*citing Saucier v. Katz*, 533 U.S. 194, 202, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001)).

Applying these principles, dismissal at this stage based on either of the three aforementioned prongs.

**A. Plaintiff's complaint fails to allege sufficient facts to support violation of 18 U.S.C. § 2252A, and by extension § 2255.**

For reasons set forth above, the County submits that Plaintiff has failed to allege sufficient facts to support a violation of 18 U.S.C. § 2252A, and by extension § 2255.  On those grounds, the County is entitled to qualified immunity.

**B. Even if Plaintiff's complaint showed a violation of a constitutional right, it was not clearly established at the time of the alleged violation.**

For reasons set forth above, the County submits that even if Plaintiff alleged sufficient facts to support a violation of 18 U.S.C. § 2252A, and by extension § 2255, it was not clearly established at the time of the alleged violation.  On those grounds, the County is entitled to qualified immunity.

**C. Even if the right was clearly established, it was objectively reasonable for the County to believe that sharing of the criminal investigation file contents – including the materials allegedly constituting "child pornography" – was lawful.**

Finally, and perhaps most importantly, even at this stage and accepting Plaintiff's allegations as true, qualified immunity should be granted as it was objectionably reasonable to believe that the alleged sharing of the materials in question – both pursuant to FOIL and outside of that context – was lawful.

In support, the County cites the following reasons:

- As set forth above, FOIL (Pub. Officers Law §§ 84-90) allows for full disclosure of government records, and does not except from such disclosures "child pornography," thus, the County would have been under the reasonable belief that any such disclosure would have been lawful;

- Given the absence of FOIL prohibitions to disclosure (and the lack of guidance as to whether 18 U.S.C. §§ 2251, et seq., prohibits a municipality from disclosing materials that could conceivably constitute "child pornography"), the County would have been under the reasonable belief that any such disclosure would have been lawful;

- The New York State Penal Law (§§ 263.10 and 263.15) defines a minor as being under seventeen years of age, while 18 U.S.C. §§ 2251, et seq., defines a child as being under the age of eighteen, thus presenting a conflict between state and federal law in what constitutes a minor for purposes of defining "child pornography." Given this conflict, the County would have been under the reasonable belief that any such disclosure would have been lawful as the decedent – in New York State's eyes – was no longer a minor, or;

- The lack of any case law or statutory text to guide a municipality – such as the County – on whether criminal investigation files contains records purportedly amounting to "child pornography" must be withheld.

For any of these reasons, the County is entitled to qualified immunity.

## POINT XI

**PLAINTIFF'S SECOND CAUSE OF ACTION ALLEGING LIABILITY UNDER 18 U.S.C. § 2255 SHOULD BE DISMISSED ON GROUNDS THAT THE COUNTY DID NOT VIOLATE 18 U.S.C. § 2252A, OR ALTERNTIVELY, THAT ANY SUCH VIOLATION OF 18 U.S.C. § 2252A DID NOT CAUSE PERSONAL INJURIES TO THE ALLEGED VICTIM AS SHE WAS DECEASED.**

Plaintiff's second cause of action alleges civil liability pursuant to 18 U.S.C. § 2255. Dkt. #1 at ¶¶ 95-100.

18 U.S.C. § 2255, titled "Civil remedy for personal injuries," states in relevant part:

> (a) In general. Any person who, while a minor, was a victim of a violation of section … 2252A … of this title [… 2252A …] **and who suffers personal injury as a result of such violation**, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred. The court may also award punitive damages and such other preliminary and

equitable relief as the court determines to be appropriate.
(emphasis added).

To be subject to liability under 18 USCS § 2255, a defendant must be proven to have violated at least one of criminal statutes listed in § 2255 by preponderance of evidence. *Doe v. Liberatore*, 478 F. Supp. 2d 742, 67 Fed. R. Serv. 3d (Callaghan) 845, 2007 U.S. Dist. LEXIS 19067 (M.D. Pa. 2007). *See also Upton v. Vicknair*, No. 21-407, 2021 U.S. Dist. LEXIS 118756, at *13 (E.D. La. June 25, 2021); *Smith v. Husband*, 376 F.Supp.2d 603, 611 (E.D. Va. 2005).

However, for reasons articulated above, the County has not violated 18 U.S.C. § 2252A, and therefore, there is no basis upon which liability under 18 U.S.C. § 2255 can attach.

Alternatively, given that the alleged victim was deceased long before any claimed dissemination occurred, Plaintiff's claim must fail on grounds that the alleged victim did not suffer personal injury as a result of any such violation.

Accordingly, for either reason, the second cause of action alleging violation of 18 U.S.C. § 2255 should be dismissed.

## POINT XII

## CLAIMS AGAINST THE COUNTY AND DEFENDANTS IN THEIR OFFICIAL CAPACITIES FOR PUNITIVE DAMAGES SHOULD BE DISMISSED.

Plaintiff's complaint seeks an award of punitive damages against all defendants. *See* dkt. #1 AT PRAYER FOR RELIEF (B). However, as recognized by this Court in *Alexander v. Cnty. of Onondaga*, No. 5:08-CV-748, 2009 U.S. Dist. LEXIS 40009, at *19 (N.D.N.Y. May 12, 2009), "[m]unicipalities and municipal employees sued in their official capacity are immune from punitive damages." *See also City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S. Ct. 2748, 2762, 69 L. Ed. 2d 616 (1981); *Ivani Contracting Corp. v. City of New York*, 103 F.3d 257, 262 (2d Cir. 1997). Thus, to the extent Plaintiff seeks punitive damages against the County or its employees or agents in their official capacity, those claims for punitive damages should be dismissed.

## CONCLUSION

For the reasons set forth above, defendants, ONEIDA COUNTY, ONEIDA COUNTY DISTRICT ATTORNEY'S OFFICE, and SCOTT D. MCNAMARA, respectfully request that this Court issue an Order, pursuant to FRCP Rule 12(b)(1) and 12(b)(6), dismissing Plaintiff's complaint, together with such other appropriate relief it deems just and proper.

DATED: August 13, 2021               KENNEY SHELTON LIPTAK NOWAK LLP

 

_____
                  David H. Walsh IV, Esq.
                  Bar Roll No.: 512032