UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ESTATE OF BIANCA DEVINS,

        Plaintiff,

        v.

ONEIDA COUNTY, ONEIDA COUNTY
DISTRICT ATTORNEY'S OFFICE,
SCOTT D. MCNAMARA,
JOHN DOES 1-20,

        Defendants.

6:21-CV-00802 (GTS/ATB)

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION, PURSUANT TO RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE, FOR A TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION**

David H. Walsh, Esq.
Bar Roll No.: 512032
Kenney Shelton Liptak Nowak LLP
Attorneys for Defendants
ONEIDA COUNTY,
ONEIDA COUNTY DISTRICT
ATTORNEY'S OFFICE,
SCOTT D. MCNAMARA
4615 North Street
Jamesville, NY 13078
Tel: (315) 492-3000
E: dhwalsh@kslnlaw.com

# TABLE OF CONTENTS

PRELIMINARY STATEMENT…………………………………………...   1

HOUSEKEEPING MATTERS………………………………………….   1

OVERVIEW OF ACTION…………………………………………………   2

LEGAL STANDARDS……………………………………………………   3

ARGUMENT………………………………………………………………   5

    POINT I: PLAINTIFF HAS FAILED TO SHOW A SUFFICIENT
    LIKELIHOOD OF SUCCESS ON THE MERITS…………………   5

    POINT II: PLAINTIFF HAS FAILED TO SHOW A SUFFICIENT
    LIKELIHOOD OF IRREPARABLE HARM………..…………...   6

    POINT III:THE COUNTY TAKES NO POSITION ON WHETHER
    THE BALANCE OF HARDSHIP TIPS IN PLAINTIFF'S FAVOR
    OR WHETHER IT WEIGHS ON THE PUBLIC'S INTEREST……   8

    POINT IV: PLAINTIFF HAS OTHER AVAILABLE REMEDIES...   9

CONCLUSIONS………………………………………….…………..   10

# TABLE OF AUTHORITIES

**Cases:**

*A.T. by and through Tillman v. Harder*, 298 F. Supp. 3d 391 (N.D.N.Y. 2018)…………………………………………………………  4

*Cf. N.Y. v. Gilmour*, 177 Misc.2d 250 (N.Y. Sup. Ct., Richmond Cnty. 1998)…………………………………………………………  1

*Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund, Ltd.,* 598 F.3d at 35 (2d Cir. 2010)…………………………  4

*Doe v. Rensselaer Polytechnic Inst.*, No. 1:20-cv-01359 (BKS/CFH), 2020 U.S. Dist. LEXIS 207946, at *13 (N.D.N.Y. Nov. 6, 2020)…………………………………………………………  3

*Golden Krust Patties, Inc. v. Bullock*, 957 F. Supp. 2d 186, (E.D.N.Y. 2013)…………………………………………………………  9

*In re Mandel,* 184 Misc.2d 897 (N.Y. Sup. Ct., Nassau Cnty. 2000)…………………………………………………………  1

*Matter of Jones v. Town of Kent,* 2015 NY Slip Op 50323(U), 46 Misc.3d 1227(A), 13 N.Y.S.3d 850 (Putnam Cnty. Sup. Ct. Mar. 17, 2015)…………………………………………………………  8

*Moreau v. Ellsworth,* 2020, WL 2028284, at *1 (N.D.N.Y. Apr. 28, 2020)…………………………………………………………  4

*U.S. S.E.C. v. Citigroup Glob. Markets Inc.,* 673 F.3d 158 (2d Cir. 2012)…………………………………………………………  9

*Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7 (2008)………………  4

**Statutes:**

18 U.S.C. § 2252A…………………………………………………………  1, 3

18 U.S.C. § 2255…………………………………………………………  3

22 NYCRR § 216.1…………………………………………..…..  10

Civil Rights Law § 50-b………………………………………  8

County Law § 52………………………………………………  5

Federal Rules of Civil Procedure Rule 12………………….………  9

Federal Rules of Civil Procedure Rule 56…………………………  9

Federal Rules of Civil Procedure Rule 65………………………….  1, 2, 3, 10

General Municipal Law § 50-e-i-h…………………………………  5

N.Y. Penal Law § 263.10…………………………………….…...  1

N.Y. Penal Law § 263.11………………………………………...  1

N.Y. Penal Law § 263.13…………………………………….…..  1

Public Officers Law § 84-90……………………………….........  8

## PRELIMINARY STATEMENT

Defendants, ONEIDA COUNTY ("the County"), ONEIDA COUNTY DISTRICT ATTORNEY'S OFFICE ("the DA's office"), and SCOTT D. MCNAMARA ("the DA") (collectively, "the County"), by and through their attorneys, Kenney Shelton Liptak Nowak LLP, respectfully submit this memorandum of law in opposition to the motion filed by plaintiff, ESTATE OF BIANCA DEVINS ("Plaintiff"), pursuant to Federal Rules of Civil Procedure Rule 65, for a temporary restraining order ("TRO") or preliminary injunction ("PI").

## HOUSEKEEPING MATTERS

Your Honor's text order (dkt. #6):

> Invite[d] Defendants, in their response papers, to brief the Court on whether they indeed believe (and, if so, why they believe) that the relevant New York State law (presumably N.Y. Penal Law 263.10 and/or 263.13) is not preempted by 18 U.S.C. §§ 2252A. *Cf. N.Y. v. Gilmour*, 177 Misc.2d 250, 257 (N.Y. Sup. Ct., Richmond Cnty. 1998) (suggesting that laws such as N.Y. Penal Law 263.10 and 263.13, to the extent they address and do not proscribe the "transfer" of the sexual performance of a child 17 years of age, have indeed been preempted by 18 U.S.C. § 2252A, which proscribes the interstate "mail[ing]" or "ship[ment]" by any means "including by computer" of pornographic images of a child under age 18); *In re Mandel*, 184 Misc.2d 897, 900 (N.Y. Sup. Ct., Nassau Cnty. 2000) ("It is readily apparent that it is possible to violate the Federal Statute [i.e., 18 U.S.C. § 2252A] with a person less than age 18 years of age, without violating the New York statute [i.e., N.Y. Penal Law 263.11].").

1

However, the County declines to brief the issue as it does not appear there is an issue of preemption between the state and federal statutes. The County reserves its right to re-address this issue should further facts or law change its view of the issue.

## OVERVIEW OF ACTION

### A. Relevant Procedural Background

On July 15, 2021, Plaintiff commenced this action through the filing of a Complaint. Dkt. #1.  That same day, Plaintiff filed the instant motion for TRO and PI. Dkt. #2. Later that same day, in a text order (dkt. #6), Your Honor:

- denied Plaintiff's application for an Order to Show Cause under Local Rule 65.1 and 7.1(e);

- denied Plaintiff's request for the issuance of a decision on its motion for a TRO without notice to Defendants under Fed. R. Civ. P. 65(b)(1);

- reserved decision on Plaintiff's motion for a TRO and its motion for a PI pending the completion of expedited briefing on each.

The parties subsequently consented to a briefing schedule (Dkt. #15), with the following current deadlines in place:

Defendants' response to this motion 8/13/2021. Plaintiff's reply is due by noon on 8/20/2021. The parties shall file a letter with the court indicating whether they will adduce evidence at the hearing, or rely solely on argument by noon on 8/20/2021. The Motion Hearing remains scheduled for 8/24/2021 at 11:00 AM in Syracuse.

## B. Relevant Factual Background

This civil action concerns the County's alleged dissemination of materials Plaintiff contends constitutes "child pornography" in violation of 18 U.S.C. §§ 2252A and 2255, along with state law claims of negligence and negligent supervision. *See* dkt. #1.

Per the complaint, the County, which was in possession of the underlying criminal file pertaining to the decedent's murder, *see generally* dkt. #1, allegedly disseminated materials to certain media outlets (A&E, 48 Hours, and perhaps to MTV and Peacock TV), and to a person named Alissa Tallman, a/k/a, Antimone Layne, pursuant to a Freedom of Information Law ("FOIL") request. *See* dkt. #1 at ¶¶ 17, 61-62, 78.

Plaintiff has commenced the instant litigation to redress these alleged violations, *see* dkt. #1, and has further filed the instant motions to prevent any further alleged disseminations. *See* dkt. #2.

## LEGAL STANDARDS

Rule 65 of the Federal Rules of Civil Procedure governs preliminary injunctions and temporary restraining orders. In the Second Circuit, the standard for issuance of a temporary restraining order is the same as the standard for a preliminary injunction. *Doe v. Rensselaer Polytechnic Inst.*, No. 1:20-cv-01359

(BKS/CFH), 2020 U.S. Dist. LEXIS 207946, at *13 (N.D.N.Y. Nov. 6, 2020) (citations omitted).

Preliminary injunctive relief is an extraordinary and drastic remedy - never awarded as of right - and should not be granted unless the movant, by a clear showing, carries the burden of persuasion. *See Moreau v. Ellsworth*, 2020 WL 2028284, at *1 (N.D.N.Y. Apr. 28, 2020); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  The standard a court must utilize in considering whether to grant a request for injunctive relief is well settled in this Circuit. *Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d at 35, 38 (2d Cir. 2010). As a general matter, the party seeking preliminary relief must show: "(1) a likelihood of irreparable harm; (2) either a likelihood of success on the merits or sufficiently serious questions as to the merits plus a balance of hardships that tips decidedly in their favor; (3) that the balance of hardships tips in their favor regardless of the likelihood of success; and (4) that an injunction is in the public interest." *A.T. by & through Tillman v. Harder*, 298 F. Supp. 3d 391, 412 (N.D.N.Y. 2018).

## ARGUMENT

### POINT I

### PLAINTIFF HAS FAILED TO SHOW A SUFFICIENT LIKELIHOOD OF SUCCESS ON THE MERITS.

Plaintiff argued that it established a likelihood of success on the merits, raising two reasons, each of which the County addresses herein.

First, Plaintiff argued, despite the admitted lack of case law authorizing it to do so, that it has standing to commence the claims on the decedent's behalf. *See* dkt. #2 at 6.  However, as set forth in the County's motion to dismiss, Plaintiff – as the ESTATE OF BIANCA DEVINS – lacks standing to bring these claims. **See County Motion to Dismiss at POINT V.**  Given Plaintiff's lack of standing to bring these claims, it has failed to establish any likelihood of success on the merits, let alone one that is sufficient to warrant a PI or TRO.

Second, Plaintiff argued the state law claims of negligence (third cause of action) and negligent supervision (fourth cause of action) is likely to succeed. *See* dkt. #2 at 6.  However, as set forth in the County's motion to dismiss, because Plaintiff has failed to strictly comply with conditions precedent to commencing such claims as required by General Municipal Law §§ 50-e-i-h, and County Law § 52, the Court lacks subject-matter jurisdiction over them, and therefore, must be dismissed. **See County Motion to Dismiss at POINT I.**  Given the Court's lack of subject

matter jurisdiction over these claims, Plaintiff has failed to establish any likelihood of success on the merits, let alone one that is sufficient to warrant a PI or TRO.

Plaintiff in its motion papers declined to assert any further reasons establishing a sufficient likelihood of success on the merits. *See* dkt. #2 at 6.  But the County incorporates by reference the remaining arguments set forth in its motion to dismiss as further proof that Plaintiff has failed to establish a sufficient likelihood of success on the merits. **See generally County Motion to Dismiss.**

Accordingly, for the foregoing reasons, the Court should deny Plaintiff's motions for failure to establish a sufficient likelihood of success on the merits.

### POINT II

### PLAINTIFF HAS FAILED TO SHOW A SUFFICIENT LIKELIHOOD OF IRREPARABLE HARM.

Plaintiff next argues that it will sustain irreparable harm in the absence of a TRO or PI. *See* dkt. #2 at 6-7.  Specifically, it argued that dissemination of the criminal file (including the alleged sex and murder video and photographs at issue) could "go viral if released." *Id.*  However, that argument appears to lack support for several reasons, including:

- The underlying criminal file, as Plaintiff acknowledges in her complaint, has been heavily covered by the media and the surrounding details are already widely available, *see generally* dkt. #1;

6

- Plaintiff's complaint already sets forth facts stating that an unrelated sex video displaying the decedent and another person had been previously shared on Discord, *see* dkt. #1 at ¶ 38;

- Plaintiff's complaint already sets forth facts stating that the underlying perpetrator, Brandon Clark (the person who created the sex and murder videos, and perhaps the photographs), already disseminated these materials all over the Internet right after he murdered the decedent on January 11, 2019. *See* dkt. #1 at ¶¶ 4-5, 40-42. Thus, these materials have already been available on the Internet for over two and a half years.

- Plaintiff acknowledges in its complaint that social media platforms such as Instagram has, to date, declined to "prevent[] and regulat[e] the spread of murder material" and also has refused to cede control of the decedent's page to it. *See* dkt. #1 at ¶ 52. Thus, a TRO or PI against the County would not eliminate all potential sources of information surrounding the claimed material.

-  Despite Plaintiff's claims that the County disseminated the alleged materials to a private person pursuant to FOIL and to other media outlets, it has not shown that any of these materials have actually gone "viral" as a result of any alleged dissemination by the County *See* dkt. ##1-2. Thus, the very harm it claims has not been borne out by the proof.

7

Accordingly, for the foregoing reasons, the Court should deny Plaintiff's motions for failure to establish irreparable harm.

### POINT III

**THE COUNTY TAKES NO POSITION ON WHETHER THE BALANCE OF HARDSHIPS TIPS IN PLAINTIFF'S FAVOR OR WHETHER IT WEIGHS IN THE PUBLIC'S INTEREST.**

Plaintiff argued that the balance of equities weighs in its favor and that it is in the public's interest to have a TRO or PI in place. *See* dkt. #2 at 7-8. Specifically, Plaintiff appears to argue, in essence, that the County has nothing to gain from sharing the materials at issue and that it (i.e., the decedent) has everything to lose by its dissemination. *See id.*

On this point, the County takes no position. However, FOIL requires the County to disclose materials to the public. *See* Pub. Officers Law §§ 84-90. Thus, the County's hardship is balancing compliance with FOIL with Plaintiff's alleged interests (which, as set forth in the County's motion to dismiss, may not even be entitled to legal protection under Civil Rights Law § 50-b). **See County Motion to Dismiss at POINT VIII** (*citing Matter of Jones v. Town of Kent*, 2015 NY Slip Op 50323(U), ¶ 3, 46 Misc. 3d 1227(A), 1227A, 13 N.Y.S.3d 850, 850 (Putnam Cnty. Sup. Ct. Mar. 17, 2015)). Further, despite its allegations of other disseminations to the alleged media outlets, Plaintiff has not yet provided the Court any such proof of impermissible disseminations (i.e., without consent of the decedent's family). *See*

*generally* dkt. 1.  Given that this motion is one for TRO or PI, those allegations are not entitled to a presumption of truth as they would be in a FRCP Rule 12 or 56 motion, and therefore, absent proof, should be disregarded at this stage.

Additionally, and perhaps most importantly to the Court's analysis, "when a court orders injunctive relief, it should ensure that the injunction does not cause harm to the public interest." *Golden Krust Patties, Inc. v. Bullock*, 957 F. Supp. 2d 186, 200 (E.D.N.Y. 2013) (*quoting U.S. S.E.C. v. Citigroup Glob. Markets Inc.*, 673 F.3d 158, 163 n.1 (2d Cir. 2012)).  Here, the public is not able to weigh in as it is not a party to this litigation.  Given the public's interest in governmental documents such as the underlying criminal file, the Court should at least weigh that interest against Plaintiff's claims to the contrary.

Accordingly, the County defers to the Court's analysis of the public interest in foreclosing any dissemination of the materials at issue before issuing a ruling.

## POINT IV

## PLAINTIFF HAS OTHER AVAILABLE REMEDIES.

Plaintiff in its motion claimed it "has no further adequate remedies at law." *See* dkt. #2 at 8.  But that's not accurate.  In fact, it would seem that the more appropriate course of action – and one that may have prevented this issue from ever arising – would be for Plaintiff to seek an order to seal the records at issue so as to proactively remove them from FOIL (or non-FOIL) disclosure.  Specifically, as set

forth in the County's motion to dismiss, Plaintiff could have filed with the underlying court a petition, pursuant to 22 NYCRR § 216.1 (or an analogous statute), to seal these records from disclosure. **See County Motion to Dismiss at POINT VIII.**  Even now, rather than litigating over the necessity of a TRO or PI, Plaintiff could seek an order sealing the records at issue so as to prevent their dissemination to the public.

Accordingly, for this additional reason, Plaintiff's motions should be denied.

## CONCLUSION

For the reasons set forth herein, defendants, ONEIDA COUNTY, ONEIDA COUNTY DISTRICT ATTORNEY'S OFFICE, and SCOTT D. MCNAMARA, respectfully request that this Court issue an Order, pursuant to FRCP Rule 65, denying Plaintiff's motions for a TRO or PI, together with such other appropriate relief it deems just and proper.

DATED: August 13, 2021                KENNEY SHELTON LIPTAK NOWAK LLP

_____
David H. Walsh IV, Esq.
Bar Roll No.: 512032