UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ESTATE OF BIANCA DEVINS,

        Plaintiff,

   v.

ONEIDA COUNTY, ONEIDA COUNTY
DISTRICT ATTORNEY'S OFFICE, SCOTT D.
MCNAMARA,
JOHN DOES 1-20,

       Defendants.

6:21-CV-00802 (GTS/ATB)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MOTION, PURSUANT TO RULE 12(B)(1)-(6) OF THE FEDERAL RULES OF CIVIL
PROCEDURE, TO DISMISS PLAINTIFF'S COMPLAINT**

David H. Walsh, Esq.
Bar Roll No.: 512032
Kenney Shelton Liptak Nowak LLP
Attorneys for Defendants
ONEIDA COUNTY,
ONEIDA COUNTY DISTRICT
ATTORNEY'S OFFICE, and
SCOTT D. MCNAMARA
4615 North Street
Jamesville, NY 13078
Tel: (315) 492-3000
E: dhwalsh@kslnlaw.com

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES………………………………………….................  iii, iv, v

PRELIMINARY STATEMENT……………………………………………….  1

OVERVIEW OF ACTION……………………………………………………  1

ARGUMENT………………………………………………………………….  2

POINT I: PLAINTIFF'S STATE LAW TORT CLAIMS MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BASED ON ITS FAILURE TO COMPLY WITH CONDITIONS PRECEDENT TO COMMENCING AN ACTION AGAINST A MUNICIPALITY PURSUANT TO GENERAL MUNICIPAL LAW §§ 50-e-i-h, AND COUNTY LAW § 52………………………………….………..  2

POINT II: PLAINTIFF – THE DECEDENT'S ESTATE – LACKS STANDING TO BRING CLAIMS OF VIOLATION OF 18 U.S.C. §§ 2252A AND 2255 ON GROUNDS THAT THEY DID NOT ACCRUE DURING THE DECEDENT'S LIFETIME………………………….……  3

POINT III: PLAINTIFF LACKS ARTICLE III STANDING TO ASSERT VIOLATIONS OF 18 U.S.C. §§ 2252(A) AND 2255 AGAINST THE DEFENDANTS…………………………………….................................  5

POINT IV: DISMISSAL OF CLAIMS AGAINST THE DISTRICT ATTORNEY'S OFFICE IS APPROPRIATE AS THE COUNTY ARGUED – AND PLAINTIFF CONCEDED – THAT IT IS AN IMPROPER PARTY………………………………………………………..  6

POINT V: OFFICIAL CAPACITY CLAIMS AGAINST COUNTY EMPLOYEES SHOULD BE DISMISSED…..........................................  6

POINT VI: PLAINTIFF FAILED TO STATE A CLAIM AGAINST DA MCNAMARA IN HIS INVIDIVUAL CAPACITY………………………..  7

POINT VII: THE PLAIN LANGUAGE OF 18 U.S.C. §§ 2252(A) AND 2255 ESTABLISHES THAT THE STATUTES DO NOT APPLY TO MUNCIPALITIES………………………………………………………….  9

POINT VIII: PLAINTIFF'S CLAIMS OF ILLEGAL DISSEMINATION OF MATERIALS IN VIOLATION OF 18 U.S.C. §§ 2252(A) AND 2255 SHOULD BE DISMISSED ON GROUNDS THAT THE COUNTY WAS REQUIRED TO COMPLY WITH THE FOIL LAW IN RESPONDING TO REQUESTS FOR THE UNDERLYING CRIMINAL FILE………………  12

i

POINT IX: THE COUNTY CANNOT BE LIABLE UNDER PRINCIPLES OF *RESPONDEAT SUPERIOR*……………………………………….………   13

POINT X: THE COUNTY'S EMPLOYEES ARE ENTITLED TO QUALIFIED IMMUNITY……………………..…………..….……   15

POINT XI: PLAINTIFF'S SECOND CAUSE OF ACTION ALLEGING LIABILITY UNDER 18 U.S.C. § 2255 SHOULD BE DISMISSED ON GROUNDS THAT THE COUNTY DID NOT VIOLATE 18 U.S.C. § 2252A, OR ALTERNTIVELY, THAT ANY SUCH VIOLATION OF 18 U.S.C. § 2252A DID NOT CAUSE PERSONAL INJURIES TO THE ALLEGED VICTIM AS SHE WAS DECEASED………………….…..   16

POINT XII: CLAIMS AGAINST THE COUNTY AND DEFENDANTS IN THEIR OFFICIAL CAPACITIES FOR PUNITIVE DAMAGES SHOULD BE DISMISSED……………........................................................   16

POINT XIII: PLAINTIFF'S ALTERNATIVE ARGUMENT FOR LEAVE TO AMEND SHOULD BE DENIED AS IT NEVER FILED A NOTICE OF MOTION AND NEVER SUBMITTED A PROPOSED AMENDED COMPLAINT………………………..............................................................   17

CONCLUSION…………………………………………………………….…………   18

# TABLE OF AUTHORITIES

**Cases:**

*Alexander v. Cnty. of Onondaga,* No. 5:08-CV_748, 2009 U.S. Dist. LEXIS
        40009 (N.D.N.Y. May 12, 2009)…………………………………...        17

*Amaker v. Clinton Cnty.,* No. 8:08-CV_00058 (LEK/DRH), 2008 U.S. Dist.
        LEXIS 98947 (N.D.N.Y. Dec. 8, 2008)……………………………..        6

*Brown v. Oneida Cnty.,* No. 6:15-CV-0849 (LEK/ATB), 2016 U.S. Dist. LEXIS
        106836 (N.D.N.Y. 2016)………………………………………………        6

*Dean v. Univ. at Buffalo School of Medical and Biomedical Sciences*, 804 F.3d
        178 (2d Cir. 2015)…………………………………………………………..        7, 14

*First Capital Asset Mgmt. Inc. v. Brickellbush, Inc.,*
        218 F. Supp. 2d 369 (S.D.N.Y. 2002)…………………………....        7, 14

*Foman v. Davis*, 371 U.S. 178 (1962)………………………………………………...        17

*Fund Liquidation Holdings LLC v. Bank of Am. Corp.,*
        991 F.3d 370  384-385 (2d Cir. 2021)………………………………….        5

*Hernandez v. Smith*, 793 F. App'x 261 (5th Cir. 2019)…………………….............        5

*House v. Mitra QSR KNE LLC,* 796 F. App'x 783 (4th Cir. 2019)………………...        5

*In re 2016 Presidential Election,* 236 F.3d 584 (6th Cir. 2016)……………………        5

*In re UBS AG Secs. Litig.,* 2012 U.S. Dist. LEXIS 141449, 2012 WL 4471265
        (S.D.N.Y. Sept. 28, 2012)………………………………………………..        7, 14

*Kentucky v. Graham,* 473 U.S. 159, 105 S. Ct. 3099,
        87 L. Ed. 2d 114 (1985)………………………………………………………        7

*LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.,*
        957 F.3d 943 (9th Cir. 2020)………………………………………………        5

*Lucker v. Bayside Cemetery,* 114 A.D.3d 162 (1st Dept. 2013)……………………        4

*Matter of Gandolfo,* 237 A.D.2d 115, 655 N.Y.S.2d 341 (1st Dept. 1997)………...        4

*Mulgrew v. Bd. of Educ. Of City Sch. Dist. Of City of New York,* 31 Misc., 3d 296
        (N.Y. Cnty. Sup. Ct. Jan. 10, 2011)………………………………………..        12, 13

*Oshintayo v. Krause*, Civil Action No. 3:19-cv-0253 (DNH/DEP), 2019 U.S.
    Dist. LEXIS 56539 (N.D.N.Y. Apr 1, 2019)……………………....…     6

*Parker v. Soares,* No. 1:19-CV-113 (GLS/CFH), 2019 U.S. Dist. LEXIS 86883
    (N.D.N.Y. May 23, 2019)……………………………....……..     13

*Peck v. United States DOL*, 996 F.3d 224 (4th Cir. 2021)…………….………..     10

*Quinones v. City of Binghamton*, 997 F. 3d 461 (2d Cir. 2021)……………....…     7

*Sweets v. Behrens*, 88 A.D.2d 745 (3rd Dept. 1982)………………………......     4

*Taylor v. Riojas*, 141 S. Ct. 52, 208 L. Ed. 2d 164 (2020)…………………....     15

*Walden v. City of Providence*, 596 F.3d 38 (1st Cir. 2010)…………………....     10

*Watty v. Cuomo,* No. CV 12-2660 (SJF) (WDW), 2013 U.S. Dist. LEXIS 29961
    (E.D.N.Y. Jan. 28, 2013)………………………………………     8

**Statutes:**

County Law § 52 ………………………………………………………..     2, 3, 14,

Federal Rules of Civil Procedure Rules 12(b)(1)……………………………..     1, 18

Federal Rules of Civil Procedure Rule 12(b)(6)……………………………...     1, 18

Federal Rules of Civil Procedure Rule 15(a)…………………………………..     17

General Municipal Law § 50-h…………………………………………..     1

General Municipal Law § 50-e-i-h……………………………………....     2, 3, 14

General Municipal Law § 50-e(5)…………………………………………..     2

Local Rule 7.1(a)(4)………………………………………………..     18

Local Rule 7.1(c)…………………………………………………...     18

1 U.S.C. § 1…………………………………………………………..     9, 11

18 U.S.C. § 2251……………………………………………………...     11

18 U.S.C. § 2252A……………………………………………………..     3, 4, 7,
                                                   9, 10,

11, 13,
14, 16,
17

18 U.S.C. § 2255……………………………………………………………... 3, 4, 5,
7, 9, 10,
11, 12,
13, 14,
16, 17

18 U.S.C. § 2258D………………………………………………………… 11

18 U.S.C. § 2260A……..………………………………………………... 11

42 U.S.C. § 1983 …………………………………………………………... 9, 14, 15

## PRELIMINARY STATEMENT

Defendants, ONEIDA COUNTY ("the County"), ONEIDA COUNTY DISTRICT ATTORNEY'S OFFICE ("the DA's office"), and SCOTT D. MCNAMARA ("DA McNamara") (collectively "the County"), respectfully submit this reply memorandum of law in further support of their motion, pursuant to Federal Rules of Civil Procedure Rules 12(b)(1)-(6), to dismiss the complaint filed against them by plaintiff, ESTATE OF BIANCA DEVINS ("Plaintiff"), for lack of subject matter jurisdiction over the state tort claims, and with respect to the federal claims, for lack of standing or failure to state a claim upon which relief can be granted.

## OVERVIEW OF ACTION

### A.  Relevant Procedural Background (Since the County's Original Brief Was Filed).

In its original brief, the County set forth the relevant procedural background. *See* dkt. #18-1.  Since then, the parties have tentatively re-scheduled the examination under oath of Kimberly Devins, pursuant to General Municipal Law § 50-h, for October 13, 2021 (at the request of Plaintiff's counsel from its originally scheduled date of September 13, 2021. *See* dkt. #18-3.  A copy of an Amended Notice of Examination Pursuant to General Municipal Law § 50-h, dated August 23, 2021, is attached as **Exhibit C.**

### B.  Factual Background

In its original brief, the County pointed out the inapplicability of the allegation in paragraph 65 of the complaint as it deals with a City of Utica police officer. *See* dkt. #18-1.  Plaintiff has not disputed this argument, *see* dkt. #26, and therefore, the Court should disregard that allegation as it is irrelevant to the case.  The remaining well-pleaded allegations are accepted as true for purposes of this motion (as required when seeking such relief pursuant to FRCP Rule 12(b)(1)-(6)).

**ARGUMENT**

**POINT I**

**PLAINTIFF'S STATE LAW TORT CLAIMS MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BASED ON ITS FAILURE TO COMPLY WITH CONDITIONS PRECEDENT TO COMMENCING AN ACTION AGAINST A MUNICIPALITY PURSUANT TO GENERAL MUNICIPAL LAW §§ 50-e-i-h, AND COUNTY LAW § 52.**

The County in its original brief set forth the reasons and legal authorities supporting dismissal of Plaintiff's state law tort claims of negligence and negligent supervision for failure to comply with General Municipal Law §§ 50-e-i-h and County Law § 52's conditions precedent to commencing a lawsuit against a county for claims sounding in tort. *See* dkt. #18-1 at POINT I.

In opposition, Plaintiff appears to request that the Court disregard well-established case law requiring such compliance, and instead, apply a framework traditionally reserved for petitions to file a late notice of claim under General Municipal Law § 50-e(5). *See* dkt. #26 at POINT E. However, not only is Plaintiff's brief devoid of any legal authorities to support such an argument, *see id.*, undersigned counsel is unaware of any instance – either in state or federal court – where such a rule was applied.

The County's original brief thoroughly addressed the policy reasons for the notice provisions at issue, and further outlined how "strict" compliance with the statutes is required to proceed with such claims, and the County rests on those papers. *See* dkt. #18-1 at POINT I.  The Court – supplied with such an abundance of well-settled case law on this issue – should decline to apply a different rule or allow Plaintiff to bypass these statutory requirements by arguing non-compliance was a mere "technicality" or that matters of expedience required bypassing them.

2

Accordingly, the third and fourth causes of action (alleging state law torts) should be dismissed for failure to comply with General Municipal Law §§ 50-e-i-h and County Law § 52.

## POINT II

### PLAINTIFF – THE DECEDENT'S ESTATE – LACKS STANDING TO BRING CLAIMS OF VIOLATION OF 18 U.S.C. §§ 2252A AND 2255 ON GROUNDS THAT THEY DID NOT ACCRUE DURING THE DECEDENT'S LIFETIME.

The County in its original brief set forth the reasons and legal authorities supporting dismissal of Plaintiff's claims on grounds that it lacks standing to assert claims under 18 U.S.C. §§ 2252A or 2255 because the claims did not accrue during the decedent's lifetime. *See* dkt. #18-1 at POINT V. Specifically, the County argued that any alleged dissemination by it would have occurred after the decedent perished, and therefore, Plaintiff (THE ESTATE OF BIANCA DEVINS[1]), lacked to standing to commence claims that accrued after the decedent perished. *See id.*

In opposition, Plaintiff argued that the decedent's claim is preserved by EPTL § 11-3.2(b), which states "[n]o cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed." *See* dkt. #26 at POINT B(i).  In reliance of this provision, Plaintiff appears to be arguing that, because the materials allegedly constituting "child pornography" were created by the perpetrator while the decedent was still alive, the claim accrued at the time of creation, and therefore, the claim against the County is actionable. *See id.*

However, although that argument may apply to claims against the perpetrator, it certainly does not apply to the County, who, by clear import of the complaint, could not have possibly come

---

[1] As mentioned in its original brief, although not fatal at this stage, THE ESTATE OF BIANCA DEVINS is not the real party in interest, and therefore, lacks capacity to sue. *See* FRCP Rule 17.

into possession of these materials until after the murder was committed, and also clearly could not have "disseminated" the alleged "child pornography" until after the decedent passed. *See* dkt. #1.

This distinction is important because Plaintiff's claim against the County is not that it created "child pornography"; rather, Plaintiff's claims against the County are predicated upon its alleged "dissemination" of such materials. *See id.*  Given that the alleged "dissemination" occurred after the decedent perished, there was no actionable claim against the County for violations of 18 U.S.C. §§ 2252A or 2255 at the time of her passing.  Consequently, EPTL § 11-3.2(b) cannot serve as a vehicle for preserving a decedent's claims that accrued while alive because they did not accrue against the County (if at all) until after her death.   Thus, in the absence of an actionable claim against the County (or DA McNamara) at the time of decedent's death, her estate (Plaintiff), lacks standing to commence the instant claims. *See* EPTL 11-3.1; *see e.g. Lucker v. Bayside Cemetery*, 114 A.D.3d 162, 172 (1st Dept. 2013); *Matter of Gandolfo*, 237 AD2d 115, 655 NYS2d 341 (1st Dept 1997); *Sweets v. Behrens*, 88 A.D.2d 745, 746 (3rd Dept. 1982).

Briefly, Plaintiff in opposition sought to distinguish the above-cited cases by arguing they were not analogous to this case as they involved other wrongs. *See* dkt. #26 at POINT B.  To that argument, the County would submit that: 1) it relied on the above legal authorities for their general principles rather than their specific facts, and; 2) as the County has repeatedly pointed out – and Plaintiff cannot deny – there is no other known cases of municipalities being sued for violations of 18 U.S.C. §§ 2252A or 2255, and therefore, other legal sources are relied upon to provide guidance.

Accordingly, given the Estate's lack of standing under EPTL 11-3.1 to bring claims that did not accrue until after the decedent's death, the first and second causes of action (alleging violations of 18 U.S.C. §§ 2252A and 2255) must be dismissed as a matter of law.

<u>In the event the Court adopts this argument, then it may end its analysis here as it would
be unnecessary to examine the remaining alternative arguments for dismissal.</u>

## POINT III

**PLAINTIFF LACKS ARTICLE III STANDING TO ASSERT
VIOLATIONS OF 18 U.S.C. §§ 2252(A) AND 2255 AGAINST
THE DEFENDANTS.**

For reasons articulated in the County's original brief (dkt. #18-1 at POINT V-VI) and also
at POINT II herein, Plaintiff, THE ESTATE OF BIANCA DEVINS, cannot satisfy the "case or
controversy" component of Article III standing as "the dead lack the capacities that litigants must
have to allow for a true Article III case or controversy." *Fund Liquidation Holdings LLC v. Bank
of Am. Corp.*, 991 F.3d 370, 384-85 (2d Cir. 2021) (*citing LN Mgmt., LLC v. JPMorgan Chase
Bank, N.A.*, 957 F.3d 943, 953 (9th Cir. 2020)); *see also House v. Mitra QSR KNE LLC*, 796 F.
App'x 783, 787 (4th Cir. 2019); *Hernandez v. Smith*, 793 F. App'x 261, 265 (5th Cir. 2019)
(plaintiff "did not have standing to sue because she was deceased"); *In re 2016 Primary Election*,
836 F.3d 584, 587 (6th Cir. 2016).

In opposition, Plaintiff argued the County offered a conclusory analysis of Article III
standing and offered reasons why it believed it satisfied the legal standard. *See* dkt. #26 at POINT
B(iii).  However, in making its argument, Plaintiff relied on the same flawed argument as
articulated above, which was that the claim accrued before the decedent's death. *See id.*  As already
discussed, such an argument lacks merit, and therefore, in the absence of a live "case or
controversy," Plaintiff lacks Article III standing, and therefore, the claims should be dismissed.

## POINT IV

### DISMISSAL OF CLAIMS AGAINST THE DISTRICT ATTORNEY'S OFFICE IS APPROPRIATE AS THE COUNTY ARGUED – AND PLAINTIFF CONCEDED – THAT IT IS AN IMPROPER PARTY.

The County in its original brief set forth the reasons and legal authorities supporting dismissal of Plaintiff's claims against "THE ONEIDA COUNTY DISTRICT ATTORNEY'S OFFICE." *See* dkt. #18-1 at POINT II (citing *Oshintayo v. Krause,* Civil Action No. 3:19-CV-0253 (DNH/DEP), 2019 U.S. Dist. LEXIS 56539, at *9 (N.D.N.Y. Apr. 1, 2019); *Brown v. Oneida Cnty.*, No. 6:15-CV-0849 (LEK/ATB), 2016 U.S. Dist. LEXIS 106836, at *9 (N.D.N.Y. 2016)).

In opposition, Plaintiff conceded the point but sought dismissal, without prejudice, to preserve its right to re-assert the claim should evidence prove otherwise. *See* dkt. #26 at POINT I.

Given that Plaintiff consented to dismissal of THE ONEIDA COUNTY DISTRICT ATTORNEY'S OFFICE, then, to the extent any part of this action proceeds, the Court should dismiss any such claims against it as redundant.  Further, given that there is no such facts or discovery that could possibly change the result, the County should be entitled to dismissal with prejudice.

## POINT V

### OFFICIAL CAPACITY CLAIMS AGAINST COUNTY EMPLOYEES SHOULD BE DISMISSED.

The County in its original brief set forth the reasons and legal authorities supporting dismissal of Plaintiff's official capacity claims against County employees (i.e., DA McNamara and John Does 1-20) as they are redundant to claims against the County. *See* dkt. #18-1 at POINT III (citing *Amaker v. Clinton Cnty.*, No. 8:08-CV-00058 (LEK/DRH), 2008 U.S. Dist. LEXIS 98947, at *9 (N.D.N.Y. Dec. 8, 2008)).

Plaintiff in opposition did not address this argument. *See generally* dkt. #26. Instead, it focused on the issue of whether individual capacity claims against DA McNamara should survive (which, for reasons set forth in further detail below, should be rejected). *See id.* at POINT H.

Given Plaintiff's silence on this point, it has conceded the issue, thereby rendering dismissal appropriate. *Dean v. Univ. at Buffalo School of Medical and Biomedical Sciences*, 804 F.3d 178, 187 (2d Cir. 2015) ("given their failure to address [the argument] the district court assumed that Defendants conceded that issue"); *see In re UBS AG Secs. Litig.*, 2012 U.S. Dist. LEXIS 141449, 2012 WL 4471265, at *11 (S.D.N.Y. Sept. 28, 2012) (recognizing that a party "concedes through silence" arguments by its opponent that it fails to address); *First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*, 218 F. Supp. 2d 369, 392-393 & n. 116 (S.D.N.Y. 2002) (considering an argument not addressed in opposition brief to be waived).

In any event, the law is clear that "an official-capacity suit against a municipal official "is, in all respects other than name, to be treated as a suit against the [governmental] entity." *Quinones v. City of Binghamton*, 997 F.3d 461, 469 (2d Cir. 2021) (*citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985))." Therefore, the redundant "official capacity" claims must be dismissed.

## POINT VI

### PLAINTIFF FAILED TO STATE A CLAIM AGAINST DA MCNAMARA IN HIS INVIDIVUAL CAPACITY.

The County in its original brief set forth the reasons and legal authorities supporting dismissal of Plaintiff's claims against DA McNamara in his individual capacity on grounds that the complaint does not allege his personal involvement or that he actually violated 18 U.S.C. §§ 2252A or 2255 by disseminating "child pornography" in his individual capacity (i.e., in a capacity outside of his role as DA). *See* dkt. #18-1 at POINT IV.

In opposition, Plaintiff pointed to allegations that its attorney sent DA McNamara letters (dated February 15, 2021, and March 22, 2021, in his official capacity as DA) requesting the County DA's Office stop disseminating the alleged sex and murder video, *see* dkt. #26 at POINT H, and conclusory allegations of "personal reckless disregard" as grounds for denying the motion. *See id.*

However, despite Plaintiff's claims to the contrary, these allegations concern DA McNamara in his role as District Attorney (i.e., in his official capacity), rather than any actions he personally undertook outside of his role as District Attorney (i.e., in his individual capacity). Specifically, Plaintiff's claims surround actions that DA McNamara allegedly failed to take as the District Attorney in allegedly allowing the materials to be disseminated rather than in some capacity outside of that role.  Absent from the complaint are any allegations that DA McNamara personally disseminated the alleged materials, acted outside the scope of his official capacity, or that he even had any contact with any of the alleged entities. *See* dkt. #1.  Specifically, rather than claiming DA McNamara privately disseminated the "child pornography" to 48 Hours, A&E, MTV, Peacock, the YouTube person (Antimone Layne) or anyone else, Plaintiff claimed it was disseminated by the County (or its employees). *See id.*  Plaintiff also claimed those letters were sent to DA McNamara for the purpose of warning the DA's Office (not DA McNamara personally) to stop disseminating materials. *See* dkt. #26 at POINT H.  Given the lack of any allegations concerning DA McNamara's personal involvement in the alleged dissemination of materials Plaintiff claims constitutes "child pornography," any such claims to the extent they can be construed as alleged against him in his individual capacity must be dismissed. *See e.g., Watty v. Cuomo*, No. CV 12-2660 (SJF) (WDW), 2013 U.S. Dist. LEXIS 29961, at *12 (E.D.N.Y. Jan. 28, 2013) (dismissing individual capacity claims due to lack of allegations of personal involvement).

**POINT VII**

**THE PLAIN LANGUAGE OF 18 U.S.C. §§ 2252(A) AND 2255 ESTABLISHES THAT THE STATUTES DO NOT APPLY TO MUNCIPALITIES.**

The County in its original brief set forth the reasons and legal authorities supporting dismissal of Plaintiff's claims against it for violations of 18 U.S.C. §§ 2252(A) and 2255 on grounds that the plain language of the statutes limit such violations to "persons," and therefore, the County – a municipality – cannot be liable. Dkt. #18-1 at POINT VII.

In opposition, Plaintiff raised a couple of arguments. First, it argued that the statute does not contain any "limiting language whatsoever excluding any category of defendants." *See* dkt. #26 at POINT A.  However, that is clearly not true as the statutes apply to "any person," *see* 18 U.S.C. §§ 2252A, 2255, which, by itself, is an express limitation on the category of defendants of which the statute would apply. Had the statutes been meant to apply to potential defendants other than a "person," Congress certainly could have included such terms.  Thus, given the limiting language of "persons," the statute was meant to be limited – at least to some degree – to its application of potential defendants.

Second, it argued that 1 U.S.C. § 1 ("the Dictionary Act") supports a definition of "person" to include municipalities. *See* dkt. #26 at POINT A.  The County acknowledges that the Dictionary Act states that "the words 'person' and 'whoever' include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals[.]" 1 U.S.C. § 1. However, a review of that statute on LEXIS reveals that the term "person" has only been extended to include counties and municipalities in § 1983 claims.  *See* 1 U.S.C. § 1.

But, as Plaintiff expressly conceded, this is not a § 1983 case. *See* dkt. #26 at POINT G. And just because a municipality has been deemed a "person" for purposes of a § 1983 claim, that

does not mean a municipality is considered a "person" in other contexts.  For example, in a recent Fourth Circuit case, *Peck v. United States DOL*, 996 F.3d 224, 232 (4th Cir. 2021), the Court, in holding that a government was not a "person," applied the Dictionary Act (1 U.S.C. §) definition of person and, through the canon of *expressio unius est exclusio alterius*, decided that the absence of the word "sovereign" in the Dictionary Act's definition of "person" necessarily meant that the term did not apply to sovereigns.

Applying the same framework in *Peck* to this case, a similar conclusion is warranted. Specifically, the Dictionary Act does not include "municipalities" in its definition of "persons," and based on the canon of *expressio unius est exclusio alterius*, the absence of "municipalities" in the Dictionary Act definition of "persons" necessarily means that it does not apply.

Further support for the conclusion the County is not a "person" as contemplated by 18 U.S.C. §§ 2252A and 2255 comes from a First Circuit case, *Walden v. City of Providence*, 596 F.3d 38, 43 (1st Cir. 2010), where the Court analyzed whether the defendant (a municipality) was a proper defendant within the scope of the state wiretap act.  <u>There, the Court recognized that, while the federal statute at issue applied to a "person" **and an "entity**," (which allowed for municipal liability), the state wiretap law only applied to "persons," which did not include municipalities within its definition.</u> *See id.* at 58-60.  The critical distinction was that the federal law's amendment of the law to include the term "entity" reflected an intent to extend liability to municipalities, while Rhode Island's omission of that term reflected its intent to exempt municipal liability. *See id.*

Applying *Walden*'s rationale to this case, the absence of the term "entity" in either 18 U.S.C. §§ 2252A or 2255 establishes that a municipality (such as the County) is not a proper defendant within the scope of these laws.

Significantly, Plaintiff is still unable to cite a single case standing for the proposition that a municipality (such as the County) constituted a "person" for purposes of 18 U.S.C. §§ 2252A or 2255. *See* dkt. #26 at POINT A.  A thorough search of relevant case law by this firm failed to uncover a single case standing for that proposition, either.

Furthermore, 1 U.S.C. § 1 commentary notes (as shown in LEXIS) still adheres to a plain meaning guide of interpretation, which provides further support for excluding "municipalities" from the definition of "persons."

Applying the above principles, it is clear that the term "persons" in 18 U.S.C. §§ 2252A and 2255 does not apply to municipalities, and the Court should reject Plaintiff's claim that it should as it has never previously been applied against municipalities under these statutes and does not comport with the plain meaning of the term.

Next, Plaintiff argued that the exceptions to certain entities in "Chapter 110" (18 U.S.C. §§ 2251-2260A), support a finding that municipalities should not be excepted from these statutes because they are specifically referenced in those exceptions. Dkt. #26 at POINT A.  Specifically, Plaintiff referenced 18 U.S.C. §§ 2258D (which limits liability for the NCMEC[2] - a private, non-profit organization), and 2258A(g)(2)-(4) (addressing permitted disclosures by law enforcement agencies and providers). *Id.*  However, those provisions are irrelevant to an analysis of whether a "municipality" constitutes a "person" under the statute, and therefore, are inapplicable.

Finally, Plaintiff argues that the statutes apply to municipalities because it "*is* suing some human defendants." (i.e., DA McNamara and John Does 1-20). Dkt. #26 at POINT A.  However, just because a person was named as a defendant does not mean a municipality that employs it also comes within the meaning of "person" in the statutes.  Likewise, as discussed in POINT IX of the

---

[2] National Center for Missing and Exploited Children.

County's original brief (dkt. #18-1) and again at POINT IX herein, the County cannot be held liable for the alleged illegal acts of its employees based on a theory of *respondeat superior* or vicarious liability.  Thus, the Court should reject the argument that the existence of claims against a human defendant renders a municipality a "person" within these statutes.

## POINT VIII

**PLAINTIFF'S CLAIMS OF ILLEGAL DISSEMINATION OF MATERIALS IN VIOLATION OF 18 U.S.C. §§ 2252(A) AND 2255 SHOULD BE DISMISSED ON GROUNDS THAT THE COUNTY WAS REQUIRED TO COMPLY WITH THE FOIL LAW IN RESPONDING TO REQUESTS FOR THE UNDERLYING CRIMINAL FILE.**

The County in its original brief set forth the reasons and legal authorities supporting dismissal of Plaintiff's claims against it for violations of 18 U.S.C. §§ 2252(A) and 2255 on grounds that it cannot be liable for the alleged disclosure of such materials in response to FOIL requests. *See* dkt. #18-1 at POINT VIII.

In opposition, Plaintiff argued that its allegations included both FOIL and non-FOIL disseminations. *See* dkt. #26 at POINT D.  The County agrees, which is why, in making this argument, the County was mindful in limiting its argument to the FOIL response allegations. *See id.*  Thus, while the parties appear in agreement that the FOIL argument only applies to FOIL responses, at issue is whether the reason constitutes a valid defense to liability.  The County contends that it does.

To establish the County's liability for FOIL disclosures, Plaintiff attempted to highlight case law wherein teachers had standing to challenge the New York City Department of Education's decision to release certain records. *See* dkt. #26 at POINT D (*citing Mulgrew v. Bd. of Educ. of City Sch. Dist. of City of New York*, 31 Misc. 3d 296 (N.Y. Cnty. Sup. Ct. Jan. 10, 2011).  However, that case, which appears to stand for the proposition that the subjects of a FOIL response (there, a

teachers union) have standing to challenge the release of records to other FOIL applicants (there, various news organizations), but ultimately found it was neither arbitrary nor capricious for the Board of Education to release teachers' names. *See id.*  It is unclear how *Mulgrew* supports Plaintiff's position that a municipality cannot avoid liability by complying with FOIL.  Instead, the only reasonable conclusions to draw from *Mulgrew* appear to be that: 1) Plaintiff may have standing to challenge FOIL requests of which its decedent is the target, and; 2) absent an arbitrary or capricious finding, a responding entity will not be deemed to have improperly fulfilled a FOIL request. *See id.*  Therefore, Plaintiff's reliance on *Mulgrew* is misplaced and its argument in reliance of that case should be rejected.

As for its remaining arguments, Plaintiff again attempts to highlight the County's inability to set forth prior case law involving a municipalities decision whether to disclose or withhold materials that constitute "child pornography," or whether they supersede federal law *See* dkt. #26 at POINT D.  However, the County's reason for its inability to do so is simple: there is none.  Thus, Plaintiff's attempts to distinguish and discredit case law offered by the County in its original brief should be rejected.

Accordingly, for the reasons set forth herein and in the County's original brief, the Court should dismiss any claims of violation of §§ 2252A and 2255 insofar as they are predicated on disclosures made pursuant to FOIL.

## POINT IX

### THE COUNTY CANNOT BE LIABLE UNDER PRINCIPLES OF *RESPONDEAT SUPERIOR*.

The County in its original brief set forth the reasons and legal authorities supporting dismissal of Plaintiff's claims against it insofar as the could be construed as being premised on a theory of vicarious liability or *respondeat superior*. *See* dkt. #18-1 at POINT IX (*citing Parker v.*

*Soares*, No. 1:19-CV-113 (GLS/CFH), 2019 U.S. Dist. LEXIS 86883, at *7-8 (N.D.N.Y. May 23, 2019) (internal citations in original brief).

In opposition, Plaintiff appeared to argue that *respondeat superior* can constitute legal grounds for liability based on a "special relationship" the County had with the decedent's mother. *See* dkt. #26 at POINT F.  However, this argument should be rejected on grounds that the "special relationship" doctrine – which is a theory of law giving rise to a municipality's duty in negligence cases[3] – has no application to the issue at hand.  More specifically, while the "special relationship" argument may be relevant to the claims of negligence and negligent supervision when and if they are properly before the Court, it has no application here as those claims must be dismissed at this stage due to Plaintiff's failure to comply with General Municipal Law §§ 50-e-i-h and County Law § 52.  Thus, the County declines to brief or further address the "special relationship" argument unless and until those claims are properly before the Court.

As for the *respondeat superior* argument, Plaintiff declined to offer any other reasons why a municipality should be vicariously liable for an employee's alleged dissemination of "child pornography" that it claims is in violation of 18 U.S.C. §§ 2252A or 2255. *See* dkt. #26 at POINT F.  Plaintiff admitted that it was not making a 42 U.S.C. § 1983 claim, *see id.* nor is there any *Monell* claim, *see* dkt. #1, so the County's liability for the alleged "dissemination" appears premised on the theory that of *respondeat superior* or vicarious liability based on its employees' alleged wrongdoing. In the absence of any opposition to refute this argument, it should be deemed conceded, and therefore, granted. *Dean*, 804 F.3d at 187; *In re UBS AG Secs. Litig.*, 2012 U.S. Dist. LEXIS 141449, 2012 WL 4471265, at *11; *First Capital Asset Mgmt., Inc. v. Brickellbush,*

---

[3] *See e.g. Cuffy v. New York*, 69 N.Y.2d

*Inc.*, 218 F. Supp. 2d 369, 392-393 & n. 116 (S.D.N.Y. 2002) (considering an argument not addressed in opposition brief to be waived).

**POINT X**

**THE COUNTY'S EMPLOYEES ARE ENTITLED TO QUALIFIED IMMUNITY.**

The County in its original brief set forth the reasons and legal authorities supporting dismissal of Plaintiff's claims against its employees on grounds that they are protected by qualified immunity. *See* dkt. #18-1 at POINT X.  Specifically, the County made that argument in its original brief based on its interpretation of the complaint that it did not allege (but potentially could be construed as alleging) a §1983 claim, and also on its interpretation that allegations of dissemination were directed at it as the complaint did not appear to allege that any particular individual disseminated the alleged materials. *See generally* dkt. ##1, 18-1 at POINT X (pointing out that Plaintiff did not allege a § 1983 claim); dkt. ##1, 18-1 at POINT IV (pointing out that Plaintiff did not allege that DA McNamara disseminated any such materials).

In opposition, Plaintiff raised a couple arguments.  First, it expressly conceded that it was not making a § 1983 claim against a person acting under color of state law. *See* dkt. #26 at POINT G.  However, elsewhere in its brief it outlined its arguments concerning allegations that DA McNamara had some role in the alleged dissemination (in her individual or official capacity). *See id.* at POINT H. Thus, despite its representation that there is not a § 1983 claim, broadly construed, it appears it still may be asserting one.  Therefore, DA McNamara contends the defense applies.

The remaining balance of Plaintiff's opposition addressed a case wherein officials were denied qualified immunity for alleged constitutional violations even in the absence of "on point case law." *See* dkt. 26 at POINT G (*citing Taylor v. Riojas*, 141 S. Ct. 52, 53, 208 L. Ed. 2d 164 (2020).  However, the County never suggested qualified immunity was so broad as to be freely

15

granted without any legal analysis, nor did it ever argue there had to be precise case law on point.

Instead, as thoroughly discussed in the County's original brief, its official (DA McNamara) is

entitled to qualified immunity because:

a) Plaintiff's complaint failed to allege sufficient facts to support violation of 18 U.S.C. § 2252A, and by extension § 2255;

b) Even if Plaintiff's complaint showed a violation of a [statutory] right, it was not clearly established at the time of the alleged violation, or;

c) Even if the right was clearly established, it was objectively reasonable for the County to believe that sharing of the criminal investigation file contents – including the materials allegedly constituting "child pornography" – was lawful.

*See* dkt. #18-1 at POINT X.  For reasons set forth therein (and repeated herein), DA McNamara is

entitled to qualified immunity.

## POINT XI

**PLAINTIFF'S SECOND CAUSE OF ACTION ALLEGING LIABILITY UNDER 18 U.S.C. § 2255 SHOULD BE DISMISSED ON GROUNDS THAT THE COUNTY DID NOT VIOLATE 18 U.S.C. § 2252A, OR ALTERNTIVELY, THAT ANY SUCH VIOLATION OF 18 U.S.C. § 2252A DID NOT CAUSE PERSONAL INJURIES TO THE ALLEGED VICTIM AS SHE WAS DECEASED.**

For reasons articulated in the County's original brief (dkt. #18-1 at POINT XI) and also

herein, the County has not violated 18 U.S.C. § 2252A, and therefore, there is no basis upon which

liability under 18 U.S.C. § 2255 can attach. Alternatively, given that the alleged victim perished

long before any claimed dissemination occurred, Plaintiff's claim must fail on grounds that the

alleged victim did not suffer personal injury as a result of any such violation.

Accordingly, for either reason, the second cause of action alleging violation of 18 U.S.C.

§ 2255 should be dismissed.

## POINT XII

### CLAIMS AGAINST THE COUNTY AND DEFENDANTS IN THEIR OFFICIAL CAPACITIES FOR PUNITIVE DAMAGES SHOULD BE DISMISSED.

The County in its original brief set forth the reasons and legal authorities supporting dismissal of Plaintiff's claims of punitive damages against it. *See* dkt. #18-1 at POINT XII. Specifically, the County submitted case law from this Court which unequivocally recognized that "[m]unicipalities and municipal employees sued in their official capacity are immune from punitive damages." *See id.* (citing *Alexander v. Cnty. of Onondaga*, No. 5:08-CV-748, 2009 U.S. Dist. LEXIS 40009, at *19 (N.D.N.Y. May 12, 2009) (other citations omitted)).

Despite this well-settled principle, Plaintiff in opposition argued that the Court has discretion to award punitive damages because both relevant federal statutes (18 U.S.C. §§ 2252A and 2255) provide for them.[4] *See* dkt. #26 at POINT J. However, in the absence of any case law to support that argument from this Court, its guiding Circuit, the Supreme Court, or any other jurisdiction for that matter, Plaintiff's claim for such relief should be dismissed.

## POINT XIII

### PLAINTIFF'S ALTERNATIVE ARGUMENT FOR LEAVE TO AMEND SHOULD BE DENIED AS IT NEVER FILED A NOTICE OF MOTION AND NEVER SUBMITTED A PROPOSED AMENDED COMPLAINT.

Finally, Plaintiff in its opposition brief – specifically in its Preliminary Statement and Conclusion sections – sought the additional relief of "leave to amend its complaint[.]" *See* dkt. #26 at 6, 30. However, given that Plaintiff declined to file a cross-motion to amend the complaint, and correspondingly, never submitted a proposed amended complaint, such relief should be denied.

---

[4] The County would submit that the statutes' inclusion of "punitive damages" as a remedy despite well-settled law in New York and around the country regarding the inapplicability of such damages to municipalities constitutes one more reason the Court should find that the statutes do not apply to municipalities.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." FRCP Rule 15(a)(2); *Foman v. Davis*, 371 U .S. 178, 182 (1962). Elaborating on this standard, the Supreme Court has explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should ... be 'freely given.' *Id.* at 182.

Under Local Rule 7.1(a)(4), a "party moving to amend a pleading ... must attach an unsigned copy of the proposed amended pleading to its motion papers." Here, Plaintiff did not submit a proposed amended pleading. Nor did it file a cross-motion, in violation of Local Rule 7.1(c). It never briefed the issue, and instead, merely mentioned the relief in passing its Preliminary Statement and Conclusion. Given Plaintiff's failure to comply with the Local Rules, and further given that the Court and the County cannot possibly evaluate whether amendment should be granted based on any proposed changes to the complaint, such relief should be denied.

## CONCLUSION

For the reasons set forth above, defendants, ONEIDA COUNTY, ONEIDA COUNTY DISTRICT ATTORNEY'S OFFICE, and SCOTT D. MCNAMARA, respectfully request that this Court issue an Order, pursuant to FRCP Rule 12(b)(1) and 12(b)(6), dismissing Plaintiff's complaint, together with such other appropriate relief it deems just and proper.

DATED: September 10, 2021                 KENNEY SHELTON LIPTAK NOWAK LLP

_____
David H. Walsh IV, Esq.
Bar Roll No.: 512032