646.666.8908 | 16 COURT STREET, 33rd FLOOR | BROOKLYN, NY 11241
ADAM@CAGOLDBERGLAW.COM | WWW.CAGOLDBERGLAW.COM

October 27, 2022

The Honorable Glenn Suddaby
Federal Building and US Courthouse
PO Box 7367
Syracuse, NY 13261

Delivered via ECF

*RE: Estate of Bianca Devins v Oneida County, et al. 6:21-cv-00802-GTS-ATB*

Dear Judge Suddaby:

      We represent Plaintiff Estate of Bianca Devins in the above-referenced matter. We submit this letter, in response to the Court's September 29, 2022 Decision and Order (Dkt No. 44) instructing, *inter alia*, that the Parties advise the Court on, "of how the Clerk of the Court, who has been serving as the custodian of the external hard drive, shall properly dispose of it". The external hard drive in question contains child pornography, and following a joint letter by the parties and an order from the Court, it was received by the Court on October 18, 2021 and we understand it was stored in a vault since. (Dkt No. 42).

      Plaintiff believes that the hard drive should be turned over to a Federal Law Enforcement agency because it is the only type of entity that can lawfully possess the material. Plaintiff's counsel informed David Walsh, attorney for Oneida County, Oneida County District Attorney's Office, and Scott D. McNamara ("Oneida County Defendants") that it would be making this recommendation to the Court. We feel it is the duty and obligation of Oneida County Defendants to expeditiously coordinate the turnover of the external hard drive from the Court to Federal Law Enforcement as it was Oneida County Defendants' action that caused distribution of the hard drive in the first place.

      Plaintiff's counsel has previously made a sworn statement that she was advised by the National Center for Missing and Exploited Children (NCMEC) that no legal authority exists to create an exception to the categorical rule in 18 U.S.C. 3509. (Dkt. No. 28, Attach. 1, ¶ 13-15). The statutory provision reads, in part, "[i]n any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court." 18 U.S.C. 3509 (m)(1). The Court relied upon Plaintiff's representation regarding the statute in issuing its September 20, 2021 Text Order that authorized the Court to take custody of the hard drive. (Dkt. 38). Because the Court cannot permanently maintain custody of the hard drive, a governmental entity is the only potential lawful custodian of the material embodied on the hard drive.



1

PLLC. NEW YORK

      Plaintiff believes that the Federal Bureau of Investigations (FBI) is best situated to assume responsibility for the hard drive. According to the Justice Department's website, the FBI's Albany, New York field office is the office with responsibility for Oneida County. Plaintiff proposes that the Clerk contact the Special Agent in Charge of the Albany Field Office, or an appropriate designee, to arrange for delivery and transfer of the hard drive. Given the necessarily limited pool of potential custodians, the FBI is logical because it has experience storing highly sensitive materials in a secure manner.

      Plaintiff has no objection to an alternate Federal Law Enforcement Agency, such as the Secret Service, maintaining custody of the hard drive if the FBI makes such a recommendation.

Respectfully,


/s/ Adam Massey
Adam Massey
*Attorney for Plaintiff Estate of Bianca Devins*

