646.666.8908 | 16 COURT STREET, 33rd FLOOR | BROOKLYN, NY 11241
ADAM@CAGOLDBERGLAW.COM | WWW.CAGOLDBERGLAW.COM

November 17, 2022

The Honorable Glenn Suddaby
Federal Building and US Courthouse
PO Box 7367
Syracuse, NY 13261

Delivered via ECF

*RE: Estate of Bianca Devins v Oneida County, et al. 6:21-cv-00802-GTS-ATB*

Dear Judge Suddaby:

As you are aware, C. A. Goldberg, PLLC represents Plaintiff Estate of Bianca Devins in the above-referenced matter. We submit this letter, in response to the Court's November 16, 2022 text order requesting clarification on the manner in which the external hard drive at issue should be maintained. Our position remains unchanged: the external hard drive is evidence of crimes. The external hard drive is evidence of crimes beyond that committed by Brandon Clark, Bianca's killer.

The external hard drive is the evidence that persons within the Oneida County District Attorney disseminated child pornography to CBS, Inc. It also constitutes evidence that CBS, Inc., maintained control of the hard drive even after it learned that possession of the illegal content embodied on the hard drive was a crime. The existence of a secured copy of the materials within the Oneida County District Attorneys does not change the fact that the external hard drive might contain metadata revealing the identity of the individuals who placed the CSAM on the external hard drive, and the identity of the individuals who viewed the CSAM and potentially even downloaded and retained it.

Defendant Oneida County has refused for almost two years to disclose how many people (and to whom) it illegally disseminated the illegal CSAM. They admitted to us that they were responding to FOIL requests including those sought by YouTube personalities. Defendant both committed federal crimes by disseminating the content at issue, but they also imposed criminal liability onto the individuals they bestowed the CSAM.



Regarding the issue of whether the FBI has an open investigation into the CSAM allegations, Plaintiff does not have actual knowledge of this but contends an investigation is appropriate and necessary given the severity of the crimes and the willful engagement in these crimes by an entity entrusted to protect the public.  In our experience with the FBI, they do not inform victims or their representatives when an investigation has commenced. Due to the statutory limitations on a nongovernmental entity possessing CSAM materials, the FBI is the only entity permitted to search the external hard drive for forensic evidence.

Your Honor explained that the FBI might object to taking possession of this material, and asked for additional information regarding how long the Court might need to store the external hard drive in its vault. Your Honor mentioned that the expiration of statute of limitation as a possible end date. The federal crimes most likely implicated are 18 USC § 2252 and 18 USC § 2252A. These crimes do not have a designated statute of limitation. Similarly, 18 USC § 2255, which defines civil remedies for violations of various crimes related to child exploitation including 18 USC § 2252 and 18 USC § 2252A, has no statute of limitation following a recent amendment. 18 USC § 2255 previously had a ten-year statute of limitation, and we submit that to be an appropriate amount of time for the Court to maintain custody of the external hard drive in the event the FBI refuses to investigate.

Additionally, we propose that the Court to require Oneida County disclose to the Court all names and entities to whom it released CSAM depicting Bianca Devins, and that Oneida County expeditiously arrange for this material to be provided to the FBI.  Oneida County had a duty to preserve this information.

Respectfully Submitted,


/s/ Adam Massey
Adam Massey
*Attorney for Plaintiff Estate of Bianca Devins*